FELMET et al. v. BARBRE et al.

No. 29673.   Oct. 29, 1940.

*106 P. 2d 1107.*

Harbison, Nelson & Fraley, of Oklahoma City, for petitioners.

H. R. Palmer, W. A. Bullis, and Edgar Fenton, all of Oklahoma City, for respondents.

BAYLESS, C. J.   Delia Felmet et al. petition this court for the review of an order of the State Industrial Commission refusing to revive in their names a proceeding on the claim of William N. Felmet, deceased, against J. A. Barbre, employer, and his insurance carrier, arising under the Workmen's Compensation Law.

July 28, 1925, Felmet sustained an accidental personal injury that, according to the admission of the employer, entitled him to an award for compensation. May 5, 1926, employer filed a motion wherein it recited the injury, etc., stated that certain specific injuries were sustained for which claimant was entitled to a stated number of weeks at a given weekly sum, and reciting that all but $53.84 had been paid, and asking for a hearing to determine these facts and require Felmet to accept the sum and terminate the proceedings. Two hearings were had on the matters involved, but before an order could be made, Felmet died on July 5, 1928. September 28, 1928, a motion to dismiss the proceedings on account of the death of the claimant was filed. On October 10, 1928, an order was entered: "* * * that this cause be and the same is hereby dismissed without prejudice, subject to revival by the legal heirs of the claimant herein." On a date not shown in the record a "Motion to Revive Cause" was filed by Delia Felmet, "widow and personal representative of William N. Felmet," wherein she made certain allegations along the lines stated above and prayed:

"* * * That this cause be revived * * * and that an order be made herein determining the amount of compensation accrued, due and owing the deceased at the time of his death and * * * to pay said amount to this claimant as the widow, heir and personal representative. * * *"

Later Gerald Felmet, a minor child, was added as a movant. Four grounds of opposition were presented: (1) Improper parties movant; (2) the commission has no jurisdiction; (3) laches; and (4) statute of limitations.

After a hearing on the matters an order was entered that the motion to revive be "denied, for the reason that Delia Felmet and Gerald Felmet are not the proper parties to revive this cause, and that the proper parties to revive the same, if revived, is an administrator * * * for the use and benefit of the estate of William N. Felmet, deceased." This appeal followed.

Petitioners state in their brief that the only question presented by this appeal is, Who is the proper party to have the matter revived? and that there is not presented at this time any issue respecting whether the parties are entitled to recover "the accrued compensation due the claimant." Certain argument in the brief of the respondents apparently led petitioners to believe that respondents were resisting petitioners' right to revive for the purpose of having an award for unaccrued compensation or compensation after death. In the reply brief petitioners say: "In the claimant's motion to revive it is stated clearly that the claim is made only for the compensation which had accrued and was unpaid up to the time of the death of the deceased, and no claim was made for any unearned or unaccrued payments of compensation." We accept this statement as clearing the apparent inconsistency in petitioners' purpose, and treat the issue as being solely, who is entitled to revive.

It was held in Western Indemnity Co. v. State Ind. Comm., 96 Okla. 100, 219 P. 147, that a proceeding before the commission does not abate entirely with the death of the injured employee, but it might be revived by the administrator or executor for the purpose of collecting the accrued but unpaid payments of compensation.

In Rounds v. State Industrial Comm., 157 Okla. 145, 11 P. 2d 479, it was held that an award for compensation during the lifetime of the injured employee was personal to him.

Neither of the parties cite us a decision wherein we have said who is the necessary party in whose name the proceedings must be revived, but in Western Ind. Co. v. State Industrial Comm., supra, we held it was proper to revive it in the name of the administratrix.

Petitioners rely upon section 13372, O. S. 1931, 85 O.S.A. § 48, as amended by chapter 29, S. L. 1933. As that section existed prior to the enactment of 1933, it provided that claims for compensation or benefits due under the act should not be assigned, etc., and stated: "Compensation and benefits shall be paid only to employees." The amendment of 1933 consists of a proviso added to the sentence just quoted providing that in case of the death of the claimant an award in his favor shall "be payable to and for the benefit of" certain dependents or relations, and the widow and children seem to be preferred.

Respondents rely upon Swatek Const. Co. v. Williams, 177 Okla. 305, 58 P. 2d 585, wherein it was held that the act of 1933 did not add to or enlarge the rights of those whose claims were pending at the time of its passage. Petitioners seek to evade the effect of this holding by pointing out that the rights spoken of therein were stated to be substantive rights whereas the right asserted in this matter is wholly procedural. We think any argument on this point is useless in face of the language of the act of 1933, in section 3, where it is stated: "The passage of this act shall in no way affect any pending cause where the claimant has heretofore died." From this we think it is apparent the Legislature intended the effect of the amendments to be wholly prospective, whether taken in their procedural or substantive aspect.

In the case of Western Ind. Co. v. Comm., supra, there was no issue concerning whether the personal representative was the proper party to seek the revivor of the proceeding, and

strictly speaking our decision cannot be said to have settled anything more than that revivor was proper and the parties were content to have the particular claim revived in the name of the personal representative.

However, in view of the fact that we have heretofore held that awards prior to 1933 were personal to the injured employee, and abated as to the unaccrued and unpaid portion at his death, we are of the opinion that it follows logically that any compensation payments due and unpaid at the time of death become an asset of his estate upon death, to be administered according to law. In such an instance, the personal representative is the proper party to revive a claim or proceeding and not the widow and children.

In 71 C. J. 558, sec. 321, citing Monson v. Batelle, 102 Kan. 208, 170 P. 801; and State v. Ind. Comm., 41 Ohio App. 549, 180 N. E. 204, citing Bozelli v. Ind. Comm., 122 Ohio St. 201, 171 N. E. 108, citing Ind. Comm. v. Terrell, 120 Ohio St. 59, 165 N. E. 536, it is held that, in the absence of statutory provision to the contrary, the portion of the award or compensation presently due at the time of the death "belongs to his estate" and the representative must seek it. See Connors v. Pub. Serv. Co., 89 N.J.L. 99, 97 Atl. 792, and other cases under Master and Servant, Am. Dig. (West) Key No. 400.

No issue is presented to us regarding the distribution of the compensation payments involved herein once they come into the hands of the administrator. As we construe the pleadings filed by the employer and insurance carrier, something was due and unpaid at death of claimant, and thus it is proper to revive.

The order appealed from is sustained.

WELCH, V. C. J., and OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur. RILEY, CORN, and HURST, JJ., absent.