HICKMAN v. GUMERSON.

No. 30026. March 10, 1942.

Rehearing Denied May 12, 1942.

*125 P. 2d 765.*

Will T. Wright, of New York City, and Wilson & Wilson, of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

WELCH, C. J. In October, 1933, plaintiff in error, Hickman, received an award of compensation at the hands of the State Industrial Commission providing for weekly payments for not exceeding 300 weeks. The award became final; no subsequent change was made therein and no part of same has been paid.

In October, 1939, a certified copy of the award was filed in the office of the court clerk of Garfield county. No such copy had previously been filed in any county within the state. In subsequent proceedings to enforce the award through the district court of said county, it was asserted that same is barred by the statutes of limitations in an attempt to stay such proceedings.

The trial court applied the general three-year statute of limitations, subdivision 2, sec. 101, O. S. 1931, 12 O. S. 1941, § 95, refusing to enforce collection of all portions of the award which matured more than three years prior to the date of filing copy thereof in the office of the court clerk. Claimant appeals.

The right to compensation for injury under the Workmen's Compensation Act is purely statutory. The act creates the right and provides the remedy, which is by summary special proceedings. Lahoma Oil Co. v. State Industrial Com.,

71 Okla. 160, 175 P. 836; Smith v. Baker, 157 Okla. 155, 11 P. 2d 132; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219.

The act provides the special procedure for establishing the right or claim before the State Industrial Commission and for purposes of enforcement only, by section 13366, O. S. 1931, 85 O. S. 1941, § 42, adopts the law relating to judgments of the district court after copy of award has been filed therein.

Though the act provides for the utilization of the machinery and process applicable to the courts, such procedure for collection is but additional special procedure in furtherance of the purpose of the Workmen's Compensation Act. That is to establish and collect compensation for certain classes of injured workmen.

It is properly conceded that neither section 13366, supra, nor any other specific provision of the Workmen's Compensation Act proper, limits the time for filing the copy of the award in the office of a court clerk.

It is urged, however, that since there is no special limitation, the general statute of limitations of actions applies.

That section (section 101, O. S. 1931, supra) provides, so far as is pertinent here, as follows:

"*Civil Action,* other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued and not afterwards:

"First . . .

"Second. Within three years:

"An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

Observe that the quoted statute bars only the bringing of a "civil action." If the act of filing a copy of the award constitutes bringing a civil action, then defendant in error's contention would seem to have merit, otherwise not. We

said in Standard Paving Co. v. Lemmons, 129 Okla. 15, 263 P. 140:

"Statutes of limitation should not be applied to cases not clearly within their provisions. They are creatures of the statutes, and, unless clearly shown, should not be applied."

Section 8, O. S. 1931, 12 O. S. 1941, § 3, divides remedies into "actions" and "special proceedings."

Sections 9 and 10, O. S. 1931, 12 O. S. 1941, §§ 4 and 5, define actions and special proceedings as follows:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.

"10. Special proceeding defined.

"Every other remedy is a special proceeding."

The mere filing of a copy of the award in the office of the court clerk is all that is required by section 13366, supra; no petition is filed; no summons or notice is issued; there is no trial on the merits respecting claimant's rights; in fact, the issues on the merits have already been tried by the body with exclusive jurisdiction. We observe nothing in such filing which to us would seem to possess any of the characteristics of an "ordinary proceeding in a court of justice" of which the Legislature was mindful when so defining an action. See Armstrong v. Phillips, 82 Okla. 82, 198 P. 499; In re Parks Estate, 147 Kan. 142, 75 P. 2d 842; State v. Steeley, 21 Ohio App. 396, 153 N. E. 285.

It is settled law that the statutory right to compensation must, by statute, be established by resort to the special proceeding before the Industrial Commission, and it was there claimant's proceeding was commenced. He is nowhere required or permitted to bring a "civil action." After having established his claim, and in the course of, and in pursuance of the special proceedings to obtain the benefits of the Workmen's Compensation Act, a copy of the award was filed as provided thereby. Thus another step was taken in the course of such proceedings which he had already pursued to that point. Nowhere does the law indicate that he must or may pursue two remedies. Section 13366, supra, does not provide claimant a new, separate, or different remedy. It only provides an additional step to be taken in pursuance of the remedy by special proceeding already provided in such cases.

The defendant in error relies strongly on Buzzn et al. v. Muncey Cartage Co., 248 Mich. 64, 226 N. W. 836, and other cases to the same general effect. The court therein held that the general statute limiting the time within which civil actions may be brought barred claimant from recovering a judgment on an award. No judgment is sought or obtained at the hands of the district court under our statute, and the distinction is thus apparent.

Defendant in error cites and quotes excerpts from Utah Consolidated Mining Co. v. Industrial Comm., 57 Utah, 279, 194 P. 657, to the effect that a proceeding for compensation is controlled by the general statutes of limitations for bringing of an "action," and that it is of no importance whether the proceeding is denominated an action or a "special proceeding." The obvious distinction is that the Utah statute specifically provided that the word "action" should be construed as including a "proceeding of a civil nature." Further, the objection here is not that claimant's proceeding before the Industrial Commission was instituted too late, but that an additional step in the proceeding was not taken in time.

Much argument is contained in the briefs as to whether the award when made by the Industrial Commission is a judgment, decision, a liquidated claim, a specialty, or obligation created by statute, etc. So far as we are here concerned, we find no need to go further than to say that it is what the statutes say it is, an "award." It is a creature of the statute and is governed thereby. Until a copy of same is filed in the office

of a court clerk, it is not governed by any general statutory provisions relating to judgments of courts of record. The statute which provides for such filing clearly indicates that the award is not governed by the general statutory law relating to judgments until so filed. For the reasons given above we do not agree, as further contended, that any part of the award was barred for failure to issue execution at an earlier date. Section 442, O. S. 1931, 12 O. S. 1941, § 735, which limits the time within which execution shall issue, can in no event have application until the performance of the act of filing copy, after which the award shall have the same force and effect as a judgment.

The judgment is reversed, and the cause remanded for such further action as may be proper and consistent herewith.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.