EXCISE BOARD OF POTTAWATOMIE COUNTY et al. v. FRENCH.

No. 33630.     May 17, 1949.

*206 P. 2d 203.*

Shelton Skinner, County Atty., of Pottawatomie County, and Clarence Robison, Special Assistant, both of Shawnee, for plaintiffs in error.

Claude Hendon and Scott Hendon, both of Shawnee, for defendant in error.

LUTTRELL, J.  On October 9, 1947, the State Industrial Commission made an award to plaintiff D. T. French,

against the board of county commissioners of Pottawatomie county, for a compensable injury suffered by plaintiff while working for the county. The board of county commissioners carried no insurance. No appeal was taken from the award, and on November 10, 1947, the commission issued its order directing that a certified copy of the award be filed in the district court of Pottawatomie county in accordance with the provisions of 85 O.S. Supp. 1947 §42. Plaintiff filed the award and served certified copies of the award and order upon the county officials as provided by 62 O.S. Supp. 1947 §365.2. It appearing that the county would take no steps toward the payment of the award, plaintiff filed this action in mandamus on November 12, 1947, seeking to require the board of county commissioners and the excise board of Pottawatomie county, defendants in said action, to make provision for the payment of one-third of the judgment, or award, as required by 62 O.S. 1941 §431. The trial court issued the alternative writ, defendants filed their return thereto, and after the evidence was all in, plaintiff dismissed the action as to the board of county commissioners. The trial court thereupon issued a peremptory writ against the excise board requiring it to forthwith make a proper and sufficient appropriation of funds, together with a sufficient tax levy, to pay one-third of the judgment. The excise board appeals.

The excise board first contends that the action was filed too late for the court to order an additional tax levy for the fiscal year 1947-1948, for the reason that 68 O.S. 1941 §15.55 requires the county assessor to extend the tax levies on his tax rolls and certify the tax rolls to the county treasurer and county clerk on or before October 1st; that, therefore, the action not having been filed by plaintiff until November 12, 1947, and the judgment not having been rendered until November 28, 1947, it was too late to comply with the peremptory writ.

The county assessor testified that he would not be able to extend the original levies on the tax rolls and certify them to the county treasurer and county clerk until about December 1, 1947. The county clerk, ex officio secretary of the county excise board, testified that the county budget had not yet been certified to the State Auditor.

The Excise Board of Grady County v. Griggs, 192 Okla. 636, 138 P. 2d 829, we held that where the plaintiff's award became effective as a judgment against the county before the county budget had been certified to the State Auditor, there was no valid reason why that part of plaintiff's judgment which he was entitled to have paid should not have been included therein, and a levy made for its payment. The decision in this case disposes of the first contention made by the excise board.

The next three contentions of the excise board: (a) That the award against the county was not entered by a court of record as provided by 62 O. S. Supp. 1947 §365.1, and is therefore invalid; (b) that plaintiff's petition did not comply with 62 O.S. 1941 §§362, 363, in that it did not show an itemized statement of the bonded indebtedness of the county, etc.; and (c) that the claim was in the nature of a tort and the county would not be liable for the tortious acts or negligence of its agents, may all be disposed of together.

In Hickman v. Gumerson, 190 Okla. 514, 125 P. 2d 765, we held that a proceeding under the Workmen's Compensation Law was not a "civil action" and that the statutes governing civil actions had no application to such proceeding. In that case we said:

"Much argument is contained in the briefs as to whether the award when made by the Industrial Commission is a judgment, decision, a liquidated claim, a specialty, or obligation created by statute, etc. So far as we are here concerned we find no need to go further than to say that it is what the statutes say it is, an 'award'. It is a

creature of the statute and is governed thereby. Until a copy of same is filed in the office of a court clerk it is not governed by any general statutory provisions relating to judgments of courts of record. The statute which provides for such filing clearly indicates that the award is not governed by the general statutory law relating to judgments until so filed."

And in Excise Board of Grady County v. Griggs, supra, we held that the filing of the award in the office of the court clerk of the county, and the filing of certified copies thereof with the proper officials, gave the award the status of a judgment, and that where there was no money in the sinking fund out of which such judgment could be paid, the judgment creditor was entitled to have a tax levied for one-third of the judgment each year until it was fully paid. The statutes relied upon by the excise board apply to actions originating in courts of record, in which petitions are filed and judgments taken, and have no application to awards made under the Workmen's Compensation Act. Therefore, compliance with their provisions was not necessary to the validity of the award as a judgment when properly filed in the district court.

The excise board for its fifth and last contention asserts that the statute authorizing the filing of the award and giving it the status of a judgment violates article 10, sec. 20 of the Constitution, which provides that the Legislature may not impose taxes for the purpose of any county, city, town or municipal corporation. This contention is wholly untenable. Our Workmen's Compensation Law constitutes the State Industrial Commission the exclusive tribunal for determining compensation to be received by workmen injured while engaged in hazardous occupations, and in Board of County Commissioners of Marshall County v. Lacy, 161 Okla. 138, 17 P. 2d 398; Board of County Commissioners of Tulsa County v. Bilby, 174 Okla. 199, 50 P. 2d 398, and other cases, we have held that the state or

any county or municipality therein is subject to the Workmen's Compensation Law. In such case it is obvious that the Legislature may provide for the payment of such an award by the county, and such legislation is no more the levying of a tax by the Legislature than is the provision for the payment of other judgments by a county.

From the record it appears that no valid reason exists why the county should not pay this award, and that the trial court did not err in issuing the peremptory writ.

Affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.