Dr. Louis E. SPEED and Dr. Richard Shifrin, Petitioners,

v.

OKLAHOMA STATE INDUSTRIAL COURT, H. L. Roy Davis and Angis M. McDonald, Respondents.

No. 39481.

Supreme Court of Oklahoma.

Jan. 16, 1962.

William R. Saied, Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondent, State Industrial Court.

HALLEY, Justice.

Angis M. McDonald, an employee of H. L. Roy Davis, sustained an accidental injury resulting in a hernia on May 20, 1960. Dr. Louis E. Speed, whose services were engaged at the instance of the employee, operated upon him June 6th. Dr. Richard Shifrin administered anesthetic. A claim for compensation was instituted by the employee on July 19th, and on August 4th, Dr. Speed filed an "Attending Physician's Report." On August 10th, employer and employee submitted to the trial tribunal their joint-petition settlement which was approved by order entered the following day. The order provides in its pertinent part:

> "* * * said sum to be in addition * * * to the authorized, reasonable and necessary medical expenses heretofore incurred by claimant by reason of his accidental injury of May, 1960 * * *."

In the ancillary proceedings under review, initiated on the prescribed Form 19 by Dr. Speed on September 30, 1960, and by Dr. Shifrin on October 3, 1960, the physicians sought an allowance of their charges for medical services rendered to the injured employee. By the terms of his order entered on October 26th, the trial judge denied both claims, because "* * * this Court has no jurisdiction to hear and determine the reasonableness, necessity, or authority for medical treatment" upon expiration of 20 days from the entry of its order approving a joint-petition settlement between claimant and employer. The adverse order was adopted and affirmed on appeal to the State Industrial Court en banc.

As reflected by the undisputed record, neither of the physicians was made a party to, had notice of, or participated as a party-litigant in, the proceedings which culminated in the trial tribunal's approval of the joint-petition settlement between the employer and his injured workman. In fact, there is no showing that a copy of the "order on joint-petition" was transmitted to the doctors at any time upon its entry.

A physician who did not participate as a party-litigant in, and had no notice of, a hearing at which employee's primary claim against the employer was submitted for disposition by a joint-petition settlement, is not concluded or barred by a final order of the trial tribunal approving such settlement between employer and employee, and may thereafter, within the period of time provided in 12 O.S.Supp. 1953 § 95, subdiv. 2, prosecute in his own name an ancillary proceeding before the State Industrial Court, to obtain an award for medical services rendered to the injured workman at the instance of the latter, or pursuant to an oral agreement with the employer. Standard Paving Co. v. Lemmon, 129 Okl. 15, 263 P. 140.

We are constrained to hold that the trial tribunal's approval of the settlement award to the compensation claimant was not final as to, and binding upon, these two doctors here involved, and did not, therefore, operate under the provisions of 85 O.S.Supp. 1955 § 29, to divest the State Industrial

Court of its jurisdiction to determine the medical claims of these physicians, even though the ancillary proceedings were instituted by them more than 20 days after entry of the "order on joint petition."

Counsel for the State Industrial Court, respondent, argues that the decisions cited earlier in this opinion are, or should be, limited to the precise facts present therein which, it is urged, are slightly different from those in the cause at bar. Conceding that some minute factual distinctions may exist, we deem them entirely lacking in legal significance.

Order denying the claims of these doctors is vacated with directions to set the matter for hearing, on due notice to all contestants, and to determine the existence, extent and amount of employer's liability for medical services procured from these physicians by the injured workman. Sanitary Land Fill Company v. Pearson, Okl., 330 P. 2d 576; see, also, Searcy v. Cherokee Motel, Okl., 363 P.2d 846.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON and BERRY, JJ., concur.

WELCH, DAVISON, JACKSON and IRWIN, JJ., concur in result.