**Perfecto GARCIA, and the State Industrial Court, Petitioners,**

v.

**WESTERN MOTOR FREIGHT, and/or Sue-Mac Freight, and Home Insurance Company, Respondents.**

No. 47410.

Supreme Court of Oklahoma.

Nov. 5, 1974.

Schwoerke & Schwoerke, by K. J. Schwoerke, Oklahoma City, for petitioner, Perfecto Garcia.

Larry Derryberry, Atty. Gen. Oklahoma City, for The State Industrial Court.

H. A. Bud Carter, Oklahoma City, for respondents.

BARNES, Justice:

Perfecto Garcia will hereinafter be referred to as "claimant", and Western Motor Freight, Sue-Mac Freight, and Home Insurance Company will be referred to, individually, as "Western," "SM," and "Home," respectively, or collectively as "respondents."

Claimant filed his Form 3 against all three respondents alleging that both Western and SM were his employers when on April 25, 1973, he injured his back, for which he claimed workmen's disability compensation.

After Western, and its insurance carrier, Home, had filed an answer containing denials of claimant's basic allegations, a hearing was had in August, 1973, prior to any service being had upon SM. At said hearing, where Western and Home were both represented by an attorney, certain facts were agreed upon between said attorney and claimant's attorney, including claimant's employment by SM; and claimant's sworn testimony was taken. At a subsequent hearing on October 23, 1973, at which SM, though served, again failed to appear, a contract between SM and Western [relied upon as establishing the former's relationship to the latter as that of an "independent contractor"] and a written statement of one Swindle, Western's Secretary-Treasurer, were introduced in evidence.

Swindle's statement revealed that SM's workmen's compensation insurance had lapsed more than a year previously; and, at the close of the hearing, claimant's counsel consented to the case being submitted to the Trial Tribunal for adjudication. Six days later, on October 29, 1973, the Trial Tribunal entered its order finding that claimant sustained an accidental personal injury arising out of the course of his hazardous employment by SM [instead of Western] on April 25, 1973, that SM was an independent contractor, and that Western and its insurance carrier, Home, "are relieved from liability herein." The order granted claimant an award of $2,500.00 only against SM for a ten percent permanent partial disability, and a lesser amount for temporary total disability.

The copy of this order in the record bears a certificate showing that such a copy was mailed "to the parties affected" on October 30, 1973.

Nothing further was filed or done in the case until November 28, 1973, when claimant filed a motion alleging that by reason of Western's failure to force its independent contractor, SM, to carry workmen's compensation insurance, claimant was entitled to have entered against Western and its insurance carrier, Home, a judgment in the amount of the previous award against SM.

When this motion was heard late in January, 1974, claimant's counsel took the position that, in its previous order, the court had made no finding as to Western's secondary liability, under 85 O.S.1971, § 11, and that the case should be reopened for

such a determination. Western's counsel objected to consideration of said motion by the court on the ground that it had lost jurisdiction and that the question raised by claimant's motion could only be determined in an appeal from the previous order to the Industrial Court en banc, or an appeal to this Court, neither of which had been lodged. Although in his oral remarks from the Bench, the Trial Tribunal indicated his agreement with Western's counsel that he had no jurisdiction to act upon claimant's motion, the written order he thereafter entered on February 1, 1974, simply overruled the motion and allowed claimant exceptions to said ruling.

Later, on February 11, 1974, claimant filed notice of appeal to the Industrial Court en banc from the above described order of February 1st. Western and Home jointly filed a written objection, and a response to the motion on jurisdictional grounds. The order that the Industrial Court en banc entered in the appeal on April 2, 1974, merely adopted and affirmed the Trial Tribunal's order of February 1, 1974.

Now, in a Petition for Review filed here on April 10, 1974, claimant seeks to have the Industrial Court's proceedings reviewed by this Court on the theory that the Trial Tribunal's original order and award was not a complete adjudication or judgment without a determination therein [on the basis of the evidence that had been introduced], as authorized by § 11, supra, that Western and Home were secondarily liable for payment of the sums of disability compensation awarded him against SM.

 Respondents, Western and Home, still maintain that the Trial Tribunal's award and original order became final when thereafter claimant failed to appeal therefrom to the State Industrial Court en banc within the ten days prescribed by Industrial Court Rule 14, or to this Court within the twenty days prescribed by 85 O.S.1971, § 29. They deny claimant's contention that the Trial Tribunal's original order was not a complete adjudication as

to respondents' liability, and point to the specific finding therein relieving them from liability. We agree and are of the opinion that the cases cited by claimant are inapposite and do not apply here. If respondents' position is correct, and we think it is, then the above described motion claimant filed on November 28, 1973, was incapable of invoking any jurisdiction by the Trial Tribunal to act further in the case because that court's jurisdiction had already terminated by lapse of time. In our opinion [as was said of the claimant's procedure in Mills v. W. E. Logan & Sons, Okl., 281 P.2d 175, 178]: "Claimant chose the wrong method to correct" the alleged error he complains of. Here we hold, as we said in the cited case:

> "His remedy lay by appeal to the commission [now court] en banc from said order within proper time or by bringing an original action in this court within 20 days from the date of such order, either of which he could have done after receipt of said order."

See also Kelley v. Bryan, Okl., 361 P.2d 1080, in which this Court held:

> "1. An award of the State Industrial Court rendered by a trial judge of that court *becomes binding and conclusive between the parties unless an appeal is taken within the time prescribed by the provisions of 85 O.S.1951, § 77, subdivision 9, or 85 O.S.Supp.1955, § 29.*" [Emphasis added.]

The statutes referred to in the above syllabus appear in Oklahoma Statutes 1971 under the same Title and opposite the same section numbers, and are applicable to the present case. Applying them consistently with the above cited precedents, claimant's purported appeal to the Industrial Court en banc in February, 1974, was not timely filed or authorized by Rule 14, or § 77, subdivision 9, above, and should have been dismissed by the Industrial Court en banc for lack of jurisdiction. Said purported appeal, being unauthorized and a nullity, was ineffective to reinstate claimant's right to a review here since the twenty days al-

lowed him by § 29, supra, within which to file a petition for such a review in this Court, had already expired. Accordingly, claimant's Petition for Review is hereby dismissed.

All Justices concur.