John CASSIDY, Jr., d/b/a John Cassidy Company, Petitioner,

vs.

Don DIELSEN, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 49516.

Supreme Court of Oklahoma.

Feb. 1, 1977.

Richard James, Stroud, for petitioner.
Dick Bell, Seminole, for respondent.

IRWIN, Justice.

On November 4, 1975, the trial judge, at the close of the evidence, pronounced his decision by stating:

" * * * it will be the order of this Court that the man (claimant) has sustained an accidental injury to his left hand, and * * * he has a disability to the left hand in the amount of fifteen per cent (15%). Gentlemen, if one of you will draw that order for me and submit it for my signature, I will sign it right away."

Neither party submitted a proposed order. On January 20, 1976, without notice or further hearing, the trial judge made and entered an order awarding claimant forty per cent (40%) disability to his left hand. The petitioning employer, herein referred to as respondent, appealed to the State Industrial Court en banc.

On appeal to the court en banc, the forty per cent (40%) disability award was modified and claimant was awarded thirty-five per cent (35%) disability to the left hand. The respondent employer seeks review.

Respondent argues that an oral pronouncement or a written order or decision of an Industrial Court judge has the same force and effect as a judgment issued by a district court judge. Respondent cites several cases discussing judgments of the district court, among these being *Adamson v. Brady*, 199 Okl. 55, 182 P.2d 748, wherein we held:

"The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law on the facts as ascertained by the pleadings and verdict. A judgment is rendered, within the meaning of the law, at the time it is pronounced by the court and is final, valid and enforceable as between the parties from that date, without formal entry."

And, *Austin v. King,* Okl., 404 P.2d 1009, where we said:

"The validity of a judgment does not depend upon the formal signature of the trial judge to the journal entry. A judgment in fact rendered but not formally entered on the journal is valid and effective from the date of its pronouncement and a record memorial thereof may be supplied by an entry nunc pro tunc."

The record conclusively shows that by an oral pronouncement of the trial judge, on November 4th, claimant was awarded 15% disability to his left hand. On January 20th, the trial judge awarded him 40% disability to his left hand. The record is completely silent why the trial judge, on November 4th, was of the opinion claimant had sustained a 15% disability to his left hand and on January 20th was of the opinion it was 40%.

Our statutory and decisional law show a material distinction between an order or decision rendered by the Industrial Court and the district court.

■ It is settled law that the statutory right to compensation must be established by resort to the special proceeding before the State Industrial Court. *Hickman v. Gumerson,* 190 Okl. 514, 125 P.2d 765 (1942). A final decision or award of the State Industrial Court does not have the same force nor is it subject to the same law as judgments of the District Court until the State Industrial Court orders "a certified copy of the award to be filed in the office of the Court Clerk of any County * * *", pursuant to 85 O.S.1971, § 42. In discussing § 42, supra, in *Hickman, supra,* we said, "until a copy of same (decision or award) is filed in the office of a court clerk, it is not governed by any general statutory provision relating to judgments of courts of record. The statute which provides for such filing clearly indicates that the award is not governed by the general statutory law relating to judgments until so filed." See also, *Dooley v. Broce Construction Company,* Okl., 358 P.2d 815 (1960).

■ There is a difference in the time for perfecting an appeal from a final *judgment* of the district court and an *award or decision* of the State Industrial Court. An appeal from a judgment of the district court shall be commenced within thirty (30) days from the date of the final order or judgment sought to be reviewed, (12 O.S.1971, § 990), and the 30 day period begins to run at the time of the pronouncement of the final order or judgment and not from the date of its formal entry. *Reed v. Moore,* Okl., 386 P.2d 763 (1963). On the other hand, the time for commencing an appeal to the State Industrial Court en banc from an order or decision of a trial judge, does not commence to run until "the date of the entry and mailing of the order appealed from." See Rule 17 of the State Industrial Court Rules. And under 85 O.S.1971, § 29, the time to file a petition to review an award or decision of the State Industrial Court in the Supreme Court does not commence to run until "a copy of such award or decision has been sent by said Industrial Court to the parties affected, * * *."

■■ We hold that the mere pronouncement of an award or decision by a judge of the State Industrial Court does not constitute an effective "award" or "decision" as those terms are generally employed in the Workmen's Compensation Act. To constitute an effective award or decision the same must be filed and a copy thereof mailed to the parties affected. In the case at bar the pronouncement of the trial judge on November 4th did not constitute an effective award and respondent is not entitled to vacation of the award under review because the January 20th order was inconsistent with the November 4th pronouncement.

Award sustained.

All the Justices concur.