Donald R. REVELL, Petitioner,

v.

NORTHROP WORLDWIDE AIRCRAFT COMPANY, Fidelity & Casualty Company of New York, and the State Industrial Court, Respondents.

No. 50850.

Supreme Court of Oklahoma.

Oct. 11, 1977.

James F. Fellingham, Anderson, Bonham, Brogden & Fellingham, Oklahoma City, for petitioner.

Milton R. Moon, Oklahoma City, for respondent.

SIMMS, Justice:

This proceeding for review is determinable upon the single issue of whether an attempted appeal to State Industrial Court was timely filed.

We are not herein called upon to decide the propriety of the trial judge's refusal to permit claimant to reopen to present further evidence.

Claim for compensation for alleged injury during covered employment was filed April 27, 1976. Respondents generally and specifically denied allegations of the claim. After hearing on October 12, 1976, a trial judge sustained respondent's demurrer at close of claimant's evidence. Request to reopen and reset the case for presentation of further evidence to support the claim was denied, but counsel was advised matter of presenting further evidence could be presented on en banc appeal.[1]

Claimant filed appeal to State Industrial Court en banc on October 14, 1976. On October 21, 1976, the trial judge filed written copy of the order sustaining demurrer to the evidence, with certification of mailing copies of the order to the parties. No appeal was filed within 10 days following entry of the order as required by 85 O.S. 1971, § 77(9). Neither was appeal taken to Supreme Court within 20 days allowed for such proceeding under § 29 of the Act. No further action was taken until November 3, 1976, when claimant filed what was styled an amendment to en banc appeal, praying remand of the matter to permit additional testimony, some thirteen days after rendition of the memorialized order.

Respondents filed motion to dismiss appeal from the trial judge's order, asserting State Industrial Court lack of jurisdiction to entertain any appeal, for claimant's failure to appeal from that order within 10 days allowed by statute and State Industrial Court Rules. No action was taken on respondents' motion, but an en banc order on appeal dated April 7, 1977 affirmed the trial judge's prior order as State Industrial Court order and judgment. Claimant then filed this proceeding for review.

■ Claimant recognizes our recent decision in *Cassidy, etc. v. Dielson*, Okl., 560 P.2d 188 (1977), but suggests this Court should either distinguish *Dielsen* from the present case, or reconsider the equities involved. A tenuous agreement urges State Industrial Court is a statutory court whose power and authority should be strictly construed. Argument is made that the statute, 85 O.S.1971, § 91, makes State Industrial Court a court of record and grants those judges powers and prerogatives of district court judges. However, principles of equity are to be applied, and clear legislative intent cannot be abrogated by State Industrial Court enactment of rules which provide differences of time in appellate procedure.

In essence, the argument asserts State Industrial Court judges and district court judges have the same power and authority in view of § 91, supra. The primary concept in filing appeal is giving of notice so an appellate court can assume jurisdiction and weigh substantial rights of the parties. Thus, when demurrer to the evidence was sustained with refusal to permit claimant to adduce additional evidence, this was tantamount to a district court's pronouncing judgment and filing appeal en banc two days later invoked State Industrial Court appellate jurisdiction without regard to rules enacted by State Industrial Court.

■ Filing, hearing and adjudication of compensation claims before State Industrial Court are not actions, but special proceedings. *Sartin v. Moran-Buckner Co.*, 189 Okl. 178, 114 P.2d 938; *Cassidy, etc. v. Dielsen*, supra, and cases cited. Although State Industrial Court adopted and promulgated rules of procedure, the rights of appeal are defined and limited by statutes, §§ 29, 77(9). The latter statute provides:

"The Commission shall adopt such rules as may be necessary to insure the following procedure; * * *. Upon the completion of such hearing or hearings, the Commissioner hearing said cause shall make such order, decision or award as he

---

1. Industrial Court Rule 17 says: "No new evidence will be considered on appeal."

may deem just, advisable and equitable in the matter. Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days have the right to take an appeal from the order, decision or award of the trial Commissioner to the entire Commission. * *."

The right of appeal to State Industrial Court en banc arises from the quoted provision, which expressly declares an appeal must be taken from an order or decision within 10 days. Adoption of Rule 17, relating to filing and mailing of orders or awards, in no manner conflicts with statutory provisions governing appeals. The time for filing appeal from the trial judge's order did not begin to run until copy of that order was filed and mailed on October 21, 1976. Until those requirements were complied with no order was extant, and no appeal could be taken. Claimant's "amended" notice of appeal filed on November 3, 1976, was beyond the 10 days prescribed and therefore insufficient to invoke appellate jurisdiction of State Industrial Court. *Mills v. W. E. Logan & Sons*, Okl., 281 P.2d 175 (1955). *Cassidy v. Dielsen*, supra.

An ancillary issue should be noted. Orders and awards entered by a trial judge are final and conclusive if unappealed from within time prescribed by provisions of the Act governing appeals. 85 O.S.1971, §§ 29, 77(9). *Garcia v. Western Mtr. Freight*, Okl., 528 P.2d 304 (1974). Where appeal is not timely filed, under one of these statutes' jurisdiction to entertain an appeal is lacking. *Garcia*, supra; *Johnson v. L&S Bearing Co.*, Okl., 463 P.2d 986 (1969). The trial judge's order became final because unappealed from within 10 days prescribed. State Industrial Court en banc therefore lacked jurisdiction to hear the attempted appeal and the en banc order upon which this appeal is predicated was a nullity.

Proceeding for review dismissed.

All the Justices concur.