2008 OK CIV APP 78

**WAREHOUSE MARKET, INC.,
Own Risk, Petitioner,**

v.

**Lacy LAYMAN, Deceased, The Workers'
Compensation Court, Respondents.**

**No. 105,269.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Aug. 21, 2008.

John N. MacKenzie, MacKenzie & Whitten, Tulsa, OK, for Petitioner,

Pamela K. Cornett, Robert A. Flynn, Tulsa, OK, for Respondents.

CAROL M. HANSEN, Judge.

¶1 Petitioner, Warehouse Market, Inc. (Employer), seeks our review of a Workers' Compensation Court (WCC) order granting revivor and directing it to pay accrued benefits to the estate of the deceased, Lacy Layman (Deceased). We hold the WCC had no jurisdiction to enter the order for which Employer seeks review and vacate the order.

¶2 Deceased was injured on November 13, 2004, while working for Employer. Employer paid medical expenses and temporary total disability (TTD) benefits. In a May 22, 2006 order, the WCC found Deceased was permanently partially disabled (PPD) as a result of the November 2004 accident and awarded compensation of $27,720.00, *i.e.*, one hundred five weeks at $264.00 per week.

The WCC further found seventy one weeks, or $18,744.00, of the PPD compensation had accrued as of the date of the order and was to be paid in a lump sum, along with a lump sum payment of $1,187.41 as a TTD underpayment award. The unaccrued portion of the PPD award was to be paid at the rate of $264.00 per week "until the total award of $28,907.41 (less attorney fee) has been paid to claimant." No portion of the award has been paid.

¶3 On June 1, 2006, Employer appealed the May 22nd order to the WCC *en banc.* Employer's *en banc* appeal addressed several allegations of error, including the trial court increasing the rate of compensation, the PPD award to the shoulder, and the award amounts to be paid Deceased and her attorney. While the *en banc* appeal was pending, Deceased died on July 28, 2006, as the result of a motor vehicle accident unrelated to her compensable November 13, 2004 accident.

¶4 After a hearing on August 25, 2006, a three-judge panel of the WCC *en banc* affirmed the trial court's order on September 7, 2006, without modification, and without mention of Deceased's death. In the absence of a record of the August 25th hearing, or any pleadings regarding the post-death status of the claim, the appellate record does disclose whether Deceased's death was at that time raised before the three-judge panel. The three-judge panel's September 7, 2006 order was not appealed and is thus final. *See, Revell v. Northrop Worldwide Aircraft Co.,* 1977 OK 187, 571 P.2d 127.

¶5 A motion was filed by Deceased's counsel on December 14, 2006, asking that the May 22, 2006 order, as affirmed by the three-judge panel, be certified.[1] Employer opposed this motion, asserting as an affirmative defense the "[c]laim has abated pursuant to Title 85 § 48 (hereafter § 48)." Additionally, Employer argued before the trial court that, because of Deceased's death, "the appropriate way to proceed in this case would be for whoever qualifies under Section 48 of Title 85 to come in and file a revivorship." Further,

Employer argued that in view of Deceased's death there would be no one to whom the accrued compensation could be paid.

¶6 In its June 6, 2007 order, the trial court found Deceased had died as the result of a condition unrelated to her compensable accidental personal injury of November 13, 2004, and that "by reason thereof this is a cause that can be properly revived by law." The trial court ordered Employer to pay Deceased's estate "all [PPD] benefits accrued to the date of her death in full within 10 days of the date herein."

¶7 Employer again appealed to the WCC *en banc,* and again a three-judge panel unanimously affirmed the trial court's order without modification. In this latter appeal to the WCC *en banc,* Employer reiterated its argument that Deceased's claim abated in accordance with § 48, and also asserted, *inter alia,* the trial court "erred in reviving the claim in the name of an entity that had not filed an entry of appearance in the suit, [and] was not a party." Employer asked either the trial court's order be "dismissed," or for a finding there were no persons or entity qualified to revive the action under § 48.

¶8 Employer asks for our review of two alleged errors which it asserts requires vacation of the WCC's order. It contends, under the facts here, [1] § 48 requires a finding that Deceased's PPD award abated at her death, and [2] "No entity or person qualified to the revive the action or receive the award made to [Deceased] has entered an appearance before the [WCC]." There are no material facts in controversy. Thus, the matters comes to us on questions of law. On questions of law, we exercise *de novo* review. *Ibarra v. Hitch Farms,* 2002 OK 41, 48 P.3d 802. Under this standard, we have plenary, independent and non-deferential authority to address legal issues. *American Airlines v. Hervey,* 2001 OK 74, 33 P.3d 47.

¶9 As we have set out above, it was Deceased's counsel who, some months after Deceased's death, filed the motion to certify the May 22, 2006 order, and who thereafter

---

1. A WCC award may be certified to the District Court for execution in accordance with 85 O.S. 2001 § 42(A). However, by agreement of the parties, the trial court reserved the question of certification. Instead the trial court noted it would, should it find it appropriate, order Employer to pay the award to keep the appeal "within our system at this point in time."

has solely sponsored the action to this point. However, "[u]nder Oklahoma law … the authority of a deceased party's attorney ceases upon the death of that party." *Campbell v. Campbell*, 1994 OK 84, 878 P.2d 1037. "The attorney cannot represent a dead person; and, upon such death, the real party in interest is the personal representative or heirs."[2] *Id.*, at 1042.

¶ 10 While Deceased's counsel purported to pursue a WCC order for payment of PPD compensation accrued before Deceased's death, he had no authority to do so. As the Supreme Court held in *Campbell v. Campbell*, 878 P.2d at 1043:

> The power of an attorney terminates upon the death of his principal and that attorney does not act for the deceased's representatives or successors until those successors are officially appointed as representatives and after they then retain the deceased's attorney. Under [12 O.S.2001 § 2025] the decedent's attorney has no authority either to move for substitution or even to suggest the death of his client upon the record. "Such action could clearly prejudice the rights of a successor party to whom that attorney bears no legal relationship." (Citations omitted).

¶ 11 While *Campbell* involved a civil action, and substitution of parties pursuant to 12 O.S.2001 § 2025, the legal principles expressed therein nonetheless apply here. There are no procedures in the Workers' Compensation Act for personal representatives or executors to represent an estate in pursuing a claim for benefits accrued by a deceased before death, presuming, without deciding, such a claim has validity under our law. Under Rule 2, Rules of the [WCC], 85 O.S.2001, Ch. 4, App., "[a]ny matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these rules will be guided by practice or procedure followed in the district courts of this state." *See also, Multiple Injury Trust Fund v. Dean*, 2001 OK CIV APP 30, 24 P.3d 861.

¶ 12 If, under our present law, a deceased's estate may recover compensation accrued, but unpaid, before death, the executor or personal representative of the estate "is the *necessary* party to seek revivor." *Felmet v. Barbre*, 1940 OK 443, 188 Okla. 116, 106 P.2d 1107. (Emphasis added). We find an informative analogy in *Dierks v. Walsh*, 1946 OK 8, 196 Okla. 372, 165 P.2d 354, an opinion cited by Deceased's counsel. There, the Supreme Court held that where there is no person in being, having a legal or beneficial interest in a cause of action, who is capable of bringing or maintaining a suit, an action brought in the name of a deceased person, who in his lifetime had a legal or beneficial interest in the cause of action, is a "nullity."

¶ 13 We will take judicial notice co-personal representatives of Deceased's estate were appointed by the District Court of Rogers County, Oklahoma, on June 29, 2007. However, that was after the trial court order, which ordered Employer to pay the accrued compensation to Deceased's estate, was entered on June 6, 2007. Although the three-judge panel subsequently affirmed the June 6th order, there is nothing to show the panel was aware personal representatives had been appointed, and, more importantly, the three-judge panel could not affirm a "nullity."

¶ 14 Without a proper party before it pressing the claim for accrued but unpaid compensation, the WCC had no jurisdiction to enter an order directing such payment. "It is fundamental that jurisdiction is the authority by which courts take cognizance of and decide cases, and that the three elements necessary to the validity of a court order are jurisdiction of the person, jurisdiction of the subject matter and the power of the court to decide the particular matter and render the particular judgment at issue." *In re. A.N.O.*, 2004 OK 33, 91 P.3d 646. The WCC here rendered an award in favor of Deceased's estate, however, the estate was never made a party within the *in personam* jurisdiction of the WCC.

2. If there were statutory heirs extant who qualified under § 48 they would be the real parties in interest to pursue revivorship.

¶15 Further, a WCC order can have no legal effect regarding persons or entities who were not party litigants. *See, Speed v. Oklahoma State Industrial Court,* 1962 OK 10, 368 P.2d 244. The WCC may have had jurisdiction over the subject matter before it, *i.e.* disposition of an award it had made, but it had no power to render a judgment in favor of an entity which had not requested the judgment and was not properly before it.

¶16 In the absence of jurisdiction by the WCC to render an award in favor of Deceased's estate, the WCC's order doing so is a nullity and without legal force and effect. Accordingly, that order is VACATED.[3]

ADAMS, P.J., and JOPLIN, J., concur.

---

3.  Our decision does not preclude any party who may prove a right to recover Deceased's accrued but unpaid compensation from doing so if they become a proper party before the WCC.