2010 OK CIV APP 43

Ronald FRANTZ, Plaintiff/Appellant,

v.

D'AURIZIO DRYWALL AND ACOUSTICS, an Oklahoma corporation, Nick D'Aurizio, personally, Defendants/Appellees,

and

TMG Staffing Services, Inc., a foreign corporation, Colleen Thosteson, personally, Rosemary McKibben, personally, Jeff Goodson, personally, and Transpacific International Insurance Co., Ltd., a foreign corporation, Defendants.

No. 106,812.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 18, 2009.

Certiorari Denied April 5, 2010.

Darryl F. Roberts, Ardmore, OK, for Plaintiff/Appellant.

David L. Thomas, Thomas & Terrell, Oklahoma City, OK, for Defendants/Appellees.

BAY MITCHELL, Chief Judge.

¶1 Plaintiff Ronald Frantz (Frantz) appeals from an Order granting summary judgment in favor of Defendants D'Aurizio Drywall and Acoustics and Nick D'Aurizio (collectively, D'Aurizio defendants). The district court determined it does not have jurisdiction over Frantz's claims against the D'Aurizio defendants for enforcement of two Workers' Compensation Court awards (each properly certified unpaid) previously entered in favor of Frantz.[1]

¶2 Frantz was hired by Defendant Nick D'Aurizio, the principal of D'Aurizio Drywall, to work on a construction job in 2003. During the employment, D'Aurizio Drywall had a contract with Defendant TMG Staffing Services, Inc., (TMG), a professional employer organization (PEO), pursuant to which TMG provided payroll services and workers' compensation coverage for a fee. Frantz sustained a work-related injury in January 2003, whereupon he filed a workers' compensation claim against TMG and its purported workers' compensation insurance carrier, Transpacific International Insurance Company, Ltd. (Transpacific). **For reasons unclear from the record, Frantz did not assert claims against D'Aurizio Drywall and/or Nick D'Aurizio in the Workers' Compensation Court.**[2] Ultimately, the Workers' Compensation Court entered an award in favor of Frantz for both temporary total disability[3] and permanent partial disability[4] against TMG and its carrier, Transpacific. Upon default of the Respondents' payment obligation, Frantz obtained certification of the unpaid awards to the District Court pursuant to 85 O.S.2001 § 42.

¶3 Frantz thereafter filed this district court action against D'Aurizio Drywall, Nick D'Aurizio, TMG, Transpacific, and individual TMG officers. Judgment was ultimately entered establishing liability of Defendants TMG and its officers Rosemary McKibben, and Jeff Goodson, on the certified judgments of the Workers' Compensation Court which remained unpaid, and for Frantz's actual and punitive damages.[5]

---

1. The other listed Defendants are not parties to this appeal. On February 18, 2009, The Oklahoma Supreme Court entered an Order directing Frantz to show cause why the appeal should not be dismissed for lack of an appealable order because the Order attached to the petition in error only disposes of Frantz's claims against two of the defendants and did not appear to be in compliance with 12 O.S. § 994. Frantz filed a response to the show cause order demonstrating that Defendant Transpacific International Insurance Co., Ltd., was not served with summons, "is a phantom company and does not exist." Additionally, Frantz dismissed his claims against Defendant Colleen Thosteson, in February 2009. The response further provides that final disposition had been entered as to the remaining Defendants by Order entered September 12, 2006 in the Murray County District Court. By Order entered March 4, 2009, the Oklahoma Supreme Court determined that Appellant's response to the Show Cause Order "appears to satisfy this Court's inquiry into its jurisdiction," and permitted the appeal of the instant summary judgment Order to proceed.

2. D'Aurizio defendants' Motion for Summary Judgment provides that Frantz is married to Nick D'Aurizio's first cousin.

3. The Workers' Compensation Court, on March 22, 2004, entered its Order awarding TTD benefits from April 28, 2003 to December 21, 2004 in the amount of $31,376.80. Upon default of Respondents TMG and Transpacific's payment obligation pursuant to the March 2004 Order, the Workers' Compensation Court entered a Judgment and Certification of Unpaid Award on December 23, 2004, authorizing Frantz to file certified copies of that Order in the District Court of Murray County pursuant to 85 O.S. § 42.

4. The Workers' Compensation Court awarded permanent PPD benefits on March 11, 2005 in the amount of $15,840. Upon default of Respondents TMG and Transpacific's payment obligation pursuant to the March 2005 Order, the Workers' Compensation Court entered a Judgment and Certification of Unpaid Award on December 15, 2005, authorizing Frantz to file certified copies of that Order in the District Court of Murray County pursuant to 85 O.S. § 42.

5. In its Journal Entry of Judgment of September 12, 2006, the district court found the actions of Defendants TMG and the officers and directors Rosemary McKibben and Jeff Goodson to be

¶4 The D'Aurizio defendants' successful Motion for Summary Judgment challenged the District Court's jurisdiction. They argue the law does not permit Frantz to enforce a Workers' Compensation Court judgment against another employer who was not a party/respondent to the underlying workers' compensation proceeding. They contend the Workers' Compensation Court has exclusive jurisdiction over the matter. Further, the D'Aurizio defendants argue that to impose liability on them after the fact in District Court without affording them a first-instance opportunity to participate as parties in the Workers' Compensation proceeding would be an unconstitutional violation of their due process rights under the U.S. and Oklahoma Constitutions.

¶5 Frantz argues the public policy underlying Oklahoma's Workers' Compensation scheme supports a finding that the District Court has jurisdiction to enforce the Workers' Compensation Court judgments against D'Aurizio Drywall and Nick D'Aurizio even though they were not parties in the Workers' Compensation proceeding. Essentially, this argument at least implies that the protection of the injured worker's right to compensation trumps any jurisdictional defects. Additionally, Frantz asserts the trial court's summary judgment order is akin to allowing employer D'Aurizio Drywall and D'Aurizio to escape workers' compensation obligations via its "employment of a bogus professional employers organization and a non-existent insurance company as the employer's agent."

¶6 Appellate courts review an award of summary judgment *de novo,* giving no deference to the trial court. *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶11, 160 P.3d 959, 963. Summary judgment is only appropriate when there is no substantial controversy as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* The reviewing court must view all

inferences and conclusions that can be drawn from the facts in the light most favorable to the party opposing the motion. *Rose v. Sapulpa Rural Water Co.,* 1981 OK 85, ¶2, 631 P.2d 752, 754. We will reverse summary judgment if reasonable people could reach different conclusions from the undisputed material facts. *Lowery,* 2007 OK 38, ¶11, 160 P.3d at 963–64.

■ ¶7 The issue, as it is precisely before us—the jurisdiction of the District Court in an action to enforce workers' compensation judgments (and subsequent tort claims arising from the failure of a Public Employer Organization (PEO) to pay benefits) against an employer not previously named in the Workers' Compensation proceeding—appears to be one of first impression.

¶8 Oklahoma law acknowledges and regulates Professional Employer Organizations. *See,* "Oklahoma Professional Employer Organization Recognition and Registration Act", 40 O.S. Supp.2002 § 600.1 *et seq.* Section 600.7(E), provides PEOs and their "client" (the underlying employer) "shall be considered the employer" for purposes of Workers' Compensation liability and the exclusive remedy doctrine.[6] The statute refers to the PEO and its client as "coemployers" *Id.* Frantz's theory is that because the D'Aurizio defendants meet the statutory definition of "employer", the Compensation Court judgments should be enforceable against those defendants in the district court proceeding. To so conclude, however, would require ignoring some fundamental aspects of the workers' compensation scheme.

■ ¶9 First, "[t]he Workers' Compensation Court has **exclusive original jurisdiction** over all proceedings for compensation which are legally due for a job-related injury. . . . The right to recover charges for medical care provided for personal injuries arising out of and in the course of covered employment lies **solely** within the Workers'

"willful, deliberate, intentional and malicious." Judgment was entered against them for actual and punitive damages for wrongful termination and failure to secure payments of the workers' compensation awards.

6.   40 O.S. Supp.2002 § 600.7(E) provides: "Workers' compensation. Both client and the

PEO shall be considered the employer for the purpose of coverage under the Workers' Compensation Act and both the PEO and its client shall be entitled to protection of the exclusive remedy provision of the Workers' Compensation Act irrespective of which coemployer obtains such workers' compensation coverage."

Compensation Court." *Thomas v. Okla. Orthopedic & Arthritis Foundation, Inc.,* 1995 OK 47, ¶ 14, 903 P.2d 279, 286. (emphasis added; footnotes omitted).

 ¶ 10 Second, the **exclusive remedy doctrine** provides "[t]he liability ... [under the Workers' Compensation Act] shall be exclusive and in place of all other liability of the employer ..." 85 O.S.2001 § 12; *see also* footnote 6, *supra* noting that § 600.7(E) provides both coemployers with the protection of the exclusive remedy doctrine. The significance of the exclusive remedy provision here is that it provides immunity to coemployer D'Aurizio Drywall and its principal, Nick D'Aurizio from tort liability in District Court.

■ ¶ 11 A first instance determination of the workers' compensation liability of these Defendants *in the proper forum* is required to afford them due process, particularly where Frantz seeks to impose *personal liability* upon Nick D'Aurizio for the workers' compensation benefits unpaid by employer, TMG. *See PFL Life Ins. Co. v. Franklin,* 1998 OK 32, ¶ 10, 958 P.2d 156, 162 (providing "[l]iability allocated to a non-party risk carrier without that carrier's participation in the judicial process in which it was imposed will not pass muster when challenged by the minimum standards of due process."). Further, where the underlying Workers' Compensation Court judgments have been certified upon default of the **coemployer, TMG's,** Workers' Compensation Court-ordered payment obligation, there is no payment obligation, much less default on the part of either D'Aurizio Defendant and therefore, no legal basis for District Court enforcement of the Workers' Compensation judgments against them. "[A Workers' Compensation Court] order can have no legal effect regarding persons or entities who were not party litigants." *Warehouse Market, Inc. v. Layman,* 2008 OK CIV APP 78, ¶ 15, 194 P.3d 786, 790.

¶ 12 The trial court correctly granted the D'Aurizio defendant's Motion for Summary Judgment. As to these defendants, subject matter jurisdiction was lacking. Exclusive jurisdiction over Frantz's employment-related claims rests with the Workers' Compensation Court and permitting Frantz to proceed against these defendants in district court would certainly be violative of due process.

¶ 13 Summary judgment in favor of Defendants D'Aurizio Drywall and Nick D'Aurizio on this record was appropriate, and we therefore AFFIRM.

HANSEN, P.J., and JOPLIN, J., concur.