**Perry ODOM and Carolyn Odom, Plaintiffs-Appellants,**

v.

**PENSKE TRUCK LEASING CO., Defendant-Appellee,**

and

**Hendrickson USA, LLC, Defendant.**

**No. 17-6065**

United States Court of Appeals, Tenth Circuit.

Filed November 22, 2017

(D.C. No. 5:16-CV-00442-W) (W.D. Okla.)

Daniel E. Bryan, III, Lane Claussen, Hornbeek Vitali & Braun, Oklahoma City, OK, for Plaintiffs-Appellants.

Cameron Ross Capps, L. Earl Ogletree, Wiggins Sewell & Ogletree, Oklahoma City, OK, for Defendant-Appellee.

Before TYMKOVICH, Chief Judge, HARTZ, and HOLMES, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

Timothy M. Tymkovich, Chief Circuit Judge

Under Tenth Circuit Rule 27.2 the United States Court of Appeals for the Tenth Circuit submits to the Supreme Court of Oklahoma this request that the court exercise its discretion under Okla. Stat. tit. 20, § 1602, to accept the following certified question of Oklahoma law concerning Oklahoma's newly enacted workers'-compensation provision abrogating the dual-capacity doctrine:

> Under the dual-capacity doctrine, an employer who is generally immune from tort liability may become liable to its employee as a third-party tortfeasor, if it occupies, in addition to its capacity as an employer, a second capacity that confers obligations independent of those imposed on it as an employer.

What is the effect of Oklahoma's Administrative Workers' Compensation Act (AWCA), Okla. Stat. Ann. tit. 85A, § 1 et seq., on the dual-capacity doctrine? In particular, does the AWCA's exclusive-remedy provision[1] bar an employee from bringing a tort suit against a stockholder of his employer, even if the tort liability would arise from duties independent of the employment relationship? In other words, does this provision abrogate the dual-capacity doctrine as to an employer's stockholder?

The provision was added by the Oklahoma legislature in 2014 as part of a larger reform of the workers'-compensation system, intended to make it less expensive and more efficient.

The answer to this question should be determinative of the appeal now pending in this court, and it appears that there is no controlling precedent in the Supreme Court of Oklahoma. The Supreme Court of Oklahoma may reformulate the question as it sees fit.

## I. Background

Perry Odom was an employee of Penske Logistics, LLC. Penske Logistics is a wholly owned subsidiary of Penske Truck Leasing Company, LP. When a trailer owned by Penske Truck Leasing fell on Odom and injured him, Odom pursued remedies against his employer before the Oklahoma Workers' Compensation Commission. But Odom and his wife also filed a claim against Penske Truck Leasing in federal district court, alleging Penske Truck Leasing's tortious negligence caused Odom's injury.

Penske Truck Leasing moved to dismiss, arguing the AWCA's exclusive-remedy provision barred Odom from suing a stockholder of his employer in district court, even if the tort liability arose from duties independent of the employment relationship. The federal district court found that Penske Truck Leasing was the sole stockholder of Penske Logistics, and that dismissal was warranted under the AWCA.

## II. Discussion

Although state workers'-compensation laws normally shield employers from tort liability, some state schemes permit an exception under the so-called dual-capacity doctrine. An employer is "liable in tort to an employee if the employer and the employee stand in a secondary relationship that confers independent obligations on the employer." *Black's Law Dictionary* 573 (9th ed. 2009).

The Oklahoma Court of Civil Appeals has recently held that the AWCA's exclusive-remedy provision abrogated the dual-capacity doctrine as to employers. *Shadid v. K 9 Univ., LLC*, 402 P.3d 698, 701 (Okla. Civ. App. 2017). But we are not certain whether the dual-capacity doctrine is abrogated *as to stockholders*.

One interpretation of the language of the statute suggests that it might not be

---

1. Okla. Stat. Ann. tit. 85A, § 5(A) provides: "The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have."

abrogated as to stockholders. Although stockholders are mentioned in two earlier parts of the provision, the final clause, which appears to relate to the dual-capacity doctrine, makes no mention of them: "[T]he remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the *employer* may be deemed to have." Okla. Stat. Ann. tit. 85A, § 5(A). A reading limiting the applicability of that clause to employers is suggested by the "interpretive canon, *expressio unius est exclusio alterius*," meaning that " 'expressing one item of [an] associated group or series excludes another left unmentioned.' " *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80, 122 S.Ct. 2045, 153 L.Ed.2d 82 (2002) (quoting *United States v. Vonn*, 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002)). Since *stockholders* are excluded from that final clause, one interpretation is that they are still subject to dual-capacity claims.

But comparing the Oklahoma exclusive-remedy provision to the Arkansas exclusive-remedy provision on which it was apparently based suggests a different interpretation. The first sentence of the Arkansas provision provides that "[t]he rights and remedies granted to an employee ... shall be exclusive of all other rights and remedies of the employee ... or anyone otherwise entitled to recover damages from the employer, or any ... stockholder ... *acting in his or her capacity as an employer* ... on account of the injury or death." Ark. Code Ann. § 11-9-105 (emphasis added). The first sentence of the Oklahoma provision, on the other hand, notably omits the restriction "acting in his or her capacity as an employer," which suggests legislative intent to broaden the exclusive-remedy provision's applicability.

We find these two points contradictory, rendering the statute ambiguous. We are also unclear what it means for a "capacity" to be "existing in the role of employer of the employee," or to "be relevant for consideration for purposes of the act."

The interpretation of the provision can have wide-ranging consequences. Consider the following example. Jones works for National Cable, a publicly traded company, as a service installer. Jones goes to Smith's home to set up his cable service. As part of a diversified portfolio, Smith happens to hold several shares of National Cable stock. Unfortunately for Jones, Smith has a pit bull Smith knows to be violent. While Jones is installing the cable, Smith's pit bull gets loose from a kennel that Smith has negligently closed. The pit bull attacks and injures Jones. If the AWCA bars suit against stockholders of an employer even if the tort liability arises from duties independent of the employment relationship, then Jones cannot sue Smith for what would otherwise be obviously tortious conduct.

We do not wish to read the AWCA as expanding Oklahoma's tort immunities so dramatically, particularly when we find the provision ambiguous. We have considered the language and the legislative history of the statute, and Oklahoma case law, and have found no definitive answer to the question posed in this case.

### III. Reason for Certification

The question of state law presented in this case is a question of first impression in Oklahoma. We therefore certify this question to the Supreme Court of Oklahoma. We greatly appreciate the consideration of this request. The clerk of this court shall submit to the Supreme Court of Oklahoma a certified copy of this order, together with copies of the briefs filed in this court and a copy of the judgment of the district court.

The clerk of this court shall also transmit a copy of this certification order to counsel for all parties to the proceedings in this court and to the Clerk of the United States District Court for the Western District of Oklahoma, attention case No. 5:16-CV-00442-W.

## Conclusion

This appeal is ordered ABATED pending resolution of the questions certified herein.