2017 OK CIV APP 45

**Christina SHADID, Plaintiff/Appellant,**

**v.**

**K 9 UNIVERSITY, LLC, a Domestic Limited Liability Company, Defendant,**

**and**

**Angel Soriano, an Individual, Defendant/Appellee.**

**Case Number: 116005**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 09/01/2017

Mandate Issued: 09/27/2017

Robert W. Haiges, HAIGES, COURY & ASSOCIATES, Edmond, Oklahoma, for Plaintiff/Appellant.

Shawn E. Arnold, LYTLE, SOULE & CURLEE, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

Kenneth L. Buettner, Chief Judge:

¶1 Plaintiff/Appellant Christina Shadid appeals from the trial court's order dismissing her lawsuit against Defendant/Appellee Angel Soriano. Shadid was attacked by a dog while acting within the scope of her employment at Defendant K 9 University, LLC, a company that boards and trains dogs. Soriano is the owner and managing partner of K 9 University, as well as the owner of the dog that attacked Shadid. We recognize 85A O.S.Supp.2013 5 abrogated the dual capacity doctrine and hold that Shadid's exclusive remedy against Soriano is provided by the Administrative Workers' Compensation Act. AFFIRMED.

¶2 On September 7, 2014, while acting within the scope of her employment, Shadid was attacked and injured by a dog owned by Soriano. Shadid filed a claim with the Workers' Compensation Commission September 2, 2015. The claim was resolved by a Joint Petition Settlement November 12, 2015. Shadid then filed a lawsuit against K 9 University and Soriano, not as her employer but as the dog owner, in district court September 7, 2016. Shadid voluntarily dismissed the suit against K 9 University based on the exclusive remedy provision of the Administrative Workers' Compensation Act. *See* 85A O.S.Supp.2013 5. On December 7, 2016, Soriano filed a motion to dismiss for failure to state a claim arguing 85A O.S.Supp.2013 5 also precluded Shadid from seeking a district court remedy against him. The trial court entered an order granting Soriano's motion to dismiss March 31, 2017. Shadid appeals.[1]

¶3 In reviewing an order dismissing a case for failure to state a claim upon which relief can be granted, the appellate court applies a *de novo* standard to determine if the plaintiff's petition is legally sufficient. *See Fanning v. Brown*, 2004 OK 7, ¶4, 85 P.3d 841. The court must take as true all of the challenged pleading's allegations together with

1. On July 24, 2017, Shadid filed a motion seeking an order allowing Daniel J. Hoehner and the firm of Pierce, Couch, Hendrickson, Baysinger and Green, L.L.P. to withdraw as attorney of record. The Motion to Withdraw is hereby granted.

all reasonable inferences which may be drawn from them. *Id.* "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Frazier v. Bryan Mem. Hosp. Auth.*, 1989 OK 73, ¶ 13, 775 P.2d 281.

¶ 4 The issue on appeal is whether, because Soriano is also the owner of the dog, the dual capacity doctrine applies.[2] The seminal case on the dual capacity doctrine is *Weber v. Armco, Inc.*, 1983 OK 53, 663 P.2d 1221:

> According to the dual-capacity doctrine, an employer who is generally immune from tort liability may become liable to his employee as a third-party tortfeasor; if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as an employer. It is the second capacity which imposes tort liability on the employer for creating duties to his employees which are independent from the employment relationship.
>
> This concept of duality, which confers third-party status upon the employer, is more meaningful when viewed in terms of an employer having a dual persona. An employer may become a third person if he possesses a second persona so completely independent from and unrelated to his status as an employer, that by established standards, the law recognizes it as a separate legal person. The determinative issue is one of identity, not of activity or relationship. ... The term dual persona provides legal clarity because it focuses upon the identity of the employer and not upon activity or relationship. A single legal person may be said to have many capacities, as the term capacity has no fixed legal meaning. As a result, few courts have extended the dual-capacity doctrine far enough to destroy employer immunity

when only a separate relationship or theory of liability existed.

*Id.* ¶¶ 5–6 (footnotes omitted). "Application of the dual-capacity doctrine requires that the second persona of the employer be completely independent from his obligations as an employer." *Id.* ¶ 7.

There are circumstances in which application of the dual-capacity doctrine is appropriate. The doctrine should not be used when it would serve only to evade the exclusivity provision of the Oklahoma Workers' Compensation Act. The doctrine requires a strict and limited application to avoid imposing liability in every instance upon a defendant-employer. The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first, but whether the second function generates obligations unrelated to those flowing from that of employer. This means that the employer must step outside the boundaries of the employer-employee relationship, creating separate and distinct duties to the employee; the fact of injury must be incidental to the employment relationship.

*Id.* ¶ 10.

¶ 5 We need not analyze whether the dual capacity test is met in this case, because the dual capacity doctrine has been abrogated by 85A O.S.Supp.2013 5. That section provides, in pertinent part:

> The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of

---

**2.** If the dual capacity doctrine applies, Shadid may be able to pursue a tort action against Soriano in district court. The dog bite statute provides:

> The owner or owners of any dog shall be liable for damages to the full amount of any damages sustained when his dog, without provocation,

bites or injures any person while such person is in or on a place where he has a lawful right to be.

4 O.S.2011 42.1. The dog bite statute attaches liability without fault. *See Nickell v. Sumner*, 1997 OK 101, ¶ 5, 943 P.2d 625.

a co-employee may not be imputed to the employer. *No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.*

85A O.S.Supp.2013 5(A) (emphasis added). Neither party mentioned the last sentence in their briefs. However, this language is dispositive of the issue.

■■■ ¶ 6 Issues of statutory construction are questions of law to be reviewed *de novo*, and appellate courts exercise plenary, independent, and non-deferential authority. *Welch v. Crow*, 2009 OK 20, ¶ 10, 206 P.3d 599. In cases requiring statutory construction, the cardinal rule is to ascertain and give effect to the intent of the Legislature. *Id.* The words of a statute will be given a plain and ordinary meaning, unless it is contrary to the purpose and intent of the statute considered as a whole. *Naylor v. Petuskey*, 1992 OK 88, ¶ 4, 834 P.2d 439. Legislative purpose and intent may be ascertained from the language in the title to a legislative enactment. *Id.*

■■■ ¶ 7 Based on the plain and ordinary meaning of this sentence in 85A O.S.Supp. 2013 5(A), it is clear the Legislature intended to abrogate the dual capacity doctrine. This or similar language is not found in previous versions of the statute nor was this or similar language included in the exclusivity provisions that applied in cases recognizing the viability of the dual capacity doctrine in workers' compensation law.[3]

¶ 8 AFFIRMED.

MITCHELL, P.J., and SWINTON, J., concur.

---

3. *See* 85 O.S.2011 302 (Repealed by Laws 2013, SB 1062, c. 208, 171, eff. February 1, 2014); 85 O.S.Supp.2010 12 (Repealed by Laws 2011, SB 878, c. 318, 87, eff. August 26, 2011); *Price v. Howard*, 2010 OK 26, 236 P.3d 82 (applying 85 O.S.Supp.2006 12); *Dyke v. St. Francis Hosp., Inc.*, 1993 OK 114, 861 P.2d 295 (applying 85 O.S.Supp.1984 12 and 85 O.S.1981 122); *Deffenbaugh v. Hudson*, 1990 OK 37, 791 P.2d 84 (applying 85 O.S.Supp.1984 12); *Weber v. Armco, Inc.*, 1983 OK 53, 663 P.2d 1221 (applying 85 O.S.Supp.1982 12).