STRICKLAND v. STEPHENS PRODUCTION COMPANY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STRICKLAND v. STEPHENS PRODUCTION COMPANY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STRICKLAND v. STEPHENS PRODUCTION COMPANY
2018 OK 6
411 P.3d 369
Case Number: 115635
Decided: 01/23/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 6, 411 P.3d 369

 

GLORY STRICKLAND, Special Administrator of the Estate of David Chambers, Sr., Plaintiff/Respondent,
v.
STEPHENS PRODUCTION COMPANY; and STEPHENS PRODUCTION COMPANY CONTINENTAL PROPERTIES, LLC, Defendants/Petitioners,

ERICK FLOWBACK SERVICES, LLC; DMR ON-SITE SERVICES LLC; and DUSTIN ROLLINS, Defendants.

CERTIORARI TO THE DISTRICT COURT OF OKLAHOMA COUNTY,
STATE OF OKLAHOMA, HONORABLE THOMAS E. PRINCE

¶0 An employee of a trucking company was killed while on the job at an oil-well site. The employee's surviving daughter brought a wrongful death action in the District Court of Oklahoma County against the owner and operator of the well site, Stephens Production Company. Stephens Production Company moved to dismiss the case pursuant to 85A O.S. Supp. 2013 § 5(A), which provides that "any operator or owner of an oil or gas well . . . shall be deemed to be an intermediate or principal employer" for purposes of extending immunity from civil liability. The district court denied the motion to dismiss, finding that § 5(A) of Title 85A was an unconstitutional special law. The court certified the order for immediate interlocutory review, and we granted certiorari review. We conclude that the last sentence of § 5(A) of Title 85A is an impermissible and unconstitutional special law under Art. 5, § 59 of the Oklahoma Constitution. The last sentence of § 5(A) shall be severed from the remainder of that provision.

AFFIRMED

Micheal L. Darrah, E. Edd Pritchett, Jr., David L. Kearney, Durbin, Larimore & Bialick, Oklahoma City, OK, for Defendants/Petitioners

T. Luke Abel, Abel Law Firm, Oklahoma City, OK, for Plaintiff/Respondent

Mithun Mansinghani, Michael K. Velchik, Office of the Attorney General, Oklahoma City, OK

GURICH, V.C.J.

Facts & Procedural History

¶1 On October 6, 2014, David Chambers, who was an employee of RDT Trucking, Inc., was dispatched to an oil-well site in Crescent, Oklahoma, to pick up waste water. Stephens Production Company and Stephens Production Company Continental Properties, LLC (SPC) were the owners and operators of the well. Upon arrival at the well, Mr. Chambers worked on or around a device known as a "heater treater." During this work, Mr. Chambers suffered severe burns, which eventually led to his death.[1] Glory Strickland, Mr. Chambers' surviving daughter and Special Administrator of the Estate, filed a wrongful death lawsuit against SPC and others in the District Court of Oklahoma County,[2] alleging negligence for failure to properly operate, maintain, and inspect the well, and failure to properly warn of dangerous conditions at the well site.[3]

¶2 SPC filed a motion to dismiss, claiming immunity under the exclusive remedy doctrine found in § 5 of the Oklahoma Administrative Workers' Compensation Act (OAWCA), which provides in part that "any operator or owner of an oil or gas well . . . shall be deemed to be an intermediate or principal employer" for purposes of extending immunity from civil liability. As the owner and operator of the well, SPC argued it was statutorily immune from suit in the district court. Strickland responded to the motion to dismiss and argued that § 5 was an unconstitutional special law. Strickland also argued that the Legislature's factual determination that all oil and gas well owners and operators are principal or intermediate employers, for purposes of immunity from civil liability, violated the constitutional principle of separation of powers.[4]

¶3 The district court denied the motion to dismiss and found that § 5 is an unconstitutional special law prohibited by Art. 5, § 46 of the Oklahoma Constitution. The court found "no distinctive characteristics or reasonable basis" to justify the different treatment afforded by § 5 to oil and gas well owners and operators.[5] The court specifically found, however, that SPC was not precluded from rearguing exclusive remedy protections pending further discovery and submission of additional facts on the issue of whether SPC was actually Mr. Chambers' principal employer at the time of his injuries. The district court certified the order denying the motion to dismiss for immediate interlocutory appeal. SPC filed a Petition for Certiorari to Review the Certified Interlocutory Order. We granted certiorari on February 6, 2017, and briefing was completed on May 19, 2017.[6]

Standard of Review

¶4 At issue in this case is the constitutionality of 85A O.S. Supp. 2013 § 5(A). "Issues of a statute's constitutional validity, construction, and application are questions of law subject to this Court's de novo review." Lee v. Bueno, 2016 OK 97, ¶ 6, 381 P.3d 736, 739. "De novo review involves a plenary, independent, and non-deferential examination of the trial court's legal rulings." Sheffer v. Buffalo Run Casino, PTE, Inc., 2013 OK 77, ¶ 3, 315 P.3d 359, 361. In considering a statute's constitutionality, "courts are guided by well-established principles, and a heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality." Lee, 2016 OK 97, ¶ 7, 381 P.3d at 740. "The party seeking a statute's invalidation as unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Constitution." Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., 2010 OK 48, ¶ 15, 237 P.3d 181, 188.

Analysis

¶5 Section 5(A) of Title 85A provides:

The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have. For the purpose of extending the immunity of this section, any operator or owner of an oil or gas well or other operation for exploring for, drilling for, or producing oil or gas shall be deemed to be an intermediate or principal employer for services performed at a drill site or location with respect to injured or deceased workers whose immediate employer was hired by such operator or owner at the time of the injury or death.[7]

Title 85A does not define the terms "intermediate employer," "principal employer," or "immediate employer" as used in § 5(A). However, under previous versions of the workers' compensation statutes, principal employers, or statutory employers as they were known, were secondarily liable to an injured worker for workers' compensation benefits and immune from tort liability in the district court if a statutory employment relationship existed between the injured worker, his immediate employer, and the principal employer.[8] To determine whether a statutory or vertical employment relationship existed,[9] this Court applied a three-tiered test which asked:

[W]hether the work being performed by the independent contractor is specialized or non-specialized. If the work is specialized per se, then the hirer is not the statutory employer of the independent contractor. If the work is not specialized per se, the second tier asks whether the work being performed by the independent contractor is the type of work that, in the particular hirer's business, normally gets done by employees or normally gets done by independent contractors. If the work normally gets done by independent contractors, then the hirer is not the statutory employer of the independent contractor. If the work is normally performed by employees, the third tier focuses on the moment in time the worker was injured, and asks whether the hirer was engaged in the type of work being performed by the independent contractor at the time the worker was hurt. If not, then the hirer is not the statutory employer of the independent contractor.[10]

¶6 This test, commonly referred to as the necessary and integral test, was codified in 2011 when the Legislature enacted the Workers' Compensation Code.[11] In 2011, the Legislature also determined, by statutory enactment, that all oil and gas well owners or operators were principal employers for purposes of immunity from civil liability.[12] In 2014, with the enactment of the OAWCA and the repeal of the Workers' Compensation Code, the Legislature removed the provision found in the 2011 Code that codified the necessary and integral test, but kept the provision from the 2011 Code that determined all oil and gas well owners or operators are intermediate or principal employers for purposes of immunity from civil liability. See 85A O.S. Supp. 2013 § 5(A).

¶7 The term "principal employer" only appears twice in Title 85A--in § 5(A), referred to above, wherein oil and gas owners and operators are deemed principal employers, and § 5(E), which states that immunity does not extend to other employers on the same job site as the injured worker "if such other employer does not stand in the position of intermediate or principal employer to the immediate employer of the injured or deceased worker." See 85A O.S. Supp. 2013 § 5(E). Absent those exceptions, the Legislature substituted the term "prime contractor" for principal employer.[13] The term "prime contractor" appears in § 5(A). See 85A O.S. Supp. 2013 § 5(A) ("The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death.") (emphasis added). The term "prime contractor" also appears in § 2(43) in the definition of "subcontractor." See 85A O.S. Supp. 2013 § 2(43) ("'Subcontractor' means a person, firm, corporation or other legal entity hired by the general or prime contractor to perform a specific task for the completion of a work-related activity[.]") (emphasis added). "Primary Contractor Liability" is discussed at length in § 36, which lays out a vertical liability structure similar to that pertaining to principal employers found in previous laws. See, e.g., 85A O.S. Supp. 2013 § 36(A) ("If a subcontractor fails to secure compensation required by this act, the prime contractor shall be liable for compensation to the employees of the subcontractor unless there is an intermediate subcontractor who has workers' compensation coverage.").

¶8 However, Title 85A does not define principal employer, intermediate employer, or immediate employer. Thus, we must assume that when the Legislature enacted Title 85A it was "familiar with the extant judicial construction [of those terms] then in force."[14] "'Unless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts retaining the same or substantially similar language as the provisions formerly in force will be accorded the identical construction to that placed upon them by preexisting case law.'"[15] The question then becomes whether the Legislature can statutorily determine that certain employers, namely owners or operators of an oil or gas well, are principal employers for purposes of extending immunity from civil liability regardless of the actual employment relationship between the operator or owner, the immediate employer, and the injured employee.

¶9 Article 5, § 59 of the Oklahoma Constitution provides that "[l]aws of a general nature shall have uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."[16] To determine whether a statute is a prohibited special law under Art. 5, § 59, we ask: (1) Is the statute a special or general law? (2) If special, is there a general law applicable? (3) If a general law is not applicable, is the statute a permissible special law? Grant v. Goodyear Tire & Rubber Co., 2000 OK 41, ¶ 4, 5 P.3d 594, 597 (citing Reynolds v. Porter, 1988 OK 88, ¶ 13, 760 P.2d 816, 822).

¶10 We have said that a statute is a general law if it relates to persons or things as a class rather than relating to particular persons or things, and a statute is a special law where a part of the entire class of similarly affected persons is separated for different treatment. Goodyear Tire, 2000 OK 41, ¶ 5, 5 P.3d at 597; Reynolds, 1988 OK 88, ¶ 14, 760 P.2d at 822. Section 5(A) operates uniformly on all employees and employers, but for the last sentence. The last sentence of § 5(A) carves out a special subclass of employers, specifically oil and gas employers, who are automatically deemed principal employers and given immunity in the district court regardless of whether the employer would be considered a principal employer under the facts of the case. All other employers seeking immunity from civil liability under the principal employer doctrine must present factual proof that a statutory employment relationship exists pursuant to the necessary and integral test.[17]

¶11 Thus, the question becomes whether the last sentence of § 5(A), an evident special law, is a permissible special law. Under Art. 5, § 59, we have said that a permissible special law is one that is reasonably and substantially related to a valid legislative objective. Goodyear Tire, 2000 OK 41, ¶ 9, 5 P.3d at 599; Reynolds, 1988 OK 88, ¶ 16, 760 P.2d at 822. In determining whether a special law is reasonably and substantially related to a valid legislative objective, we look for a distinctive characteristic that warrants differential treatment and furnishes a practical and reasonable basis for discrimination. Goodyear Tire, 2000 OK 41, ¶ 10, 5 P.3d at 599. Without a distinctive characteristic that actually warrants differential treatment, the distinction is considered arbitrary and will not withstand constitutional scrutiny. Id.

¶12 SPC argues that oil and gas production involves complex processes including exploration, drilling, and production, and that such processes are routinely performed by different specialists subcontracted by the owner of the well, making the oil and gas industry unique. However, many other industries also engage in complex processes and utilize subcontractors for specialized work. Thus, without more, we cannot conclude that the use of complex processes or the use of subcontractors to perform certain specialized work is distinct to the oil and gas industry so as to warrant differential treatment.

¶13 SPC also argues that oil and gas well owners and operators need "certainty" regarding their exposure to civil liability.[18] But employers in other industries would, in all likelihood, also prefer to have certainty regarding their exposure to liability. Thus, certainty regarding immunity from liability is not a distinctive characteristic of the oil and gas industry that warrants special treatment. SPC has not presented any evidence specific to the oil and gas industry that would warrant differential treatment or furnish a practical and reasonable basis for discrimination. The last sentence of § 5(A) is an unconstitutional special law under Art. 5, § 59 of the Oklahoma Constitution.

Severability

¶14 In determining whether a "non-offending statutory provision[] may survive as valid after the clause[] rejected as invalid [is] separated from the whole,"[19] we ask whether the voided provision was "'so inseparably connected with and so dependent upon'" the remaining portions of the statute such that "'the surviving provisions would not have been otherwise enacted.'"[20] Section 5(A) of the OAWCA provides the exclusive remedy doctrine, which is "at the heart of the essential Grand Bargain between employers and employees . . . [and] is workers' compensation." Vasquez v. Dillard's, Inc., 2016 OK 89, 381 P.3d 768 (Gurich, J., concurring specially ¶ 26). Thus, we must conclude that the Legislature undoubtedly would have enacted the remaining portion of § 5(A) without the invalid, last sentence. Therefore, we sever only the last sentence of § 5(A) and leave the remainder of § 5(A) intact.[21]

Conclusion

¶15 This case is no different from Goodyear Tire,[22] a case decided by this Court more than fifteen years ago, wherein the Legislature singled out one specific industry for special treatment under the workers' compensation system. This Court disapproved of such special treatment in that case because no valid reason existed for the distinction. We adhere to the teachings of Goodyear Tire today and find no valid reason exists for the special treatment of the oil and gas industry as displayed by the last sentence of § 5(A). The last sentence of § 5(A) of Title 85A is an impermissible and unconstitutional special law under Art. 5, § 59 of the Oklahoma Constitution, and it shall be severed from the remainder of that provision. On remand, SPC is not precluded from rearguing exclusive remedy protections pending further discovery and submission of additional facts on the issue of whether SPC was actually Mr. Chambers' principal employer at the time of his injuries.

AFFIRMED

¶16 Combs, C.J., Gurich, V.C.J., Kauger, Winchester, Edmondson, Colbert,
Reif, JJ., concur.

¶17 Wyrick, J., recused.

 

FOOTNOTES

[1] The record is unclear as to how exactly Mr. Chambers was injured, but both parties agree that the fatal injuries were sustained at the well site in the course of his employment.

[2] Strickland also sued Erick Flowback Services, LLC, DMR On-Site Services, LLC, and Dustin Rollins. These Defendants are not parties to this appeal.

[3] Strickland sought actual damages in excess of $300,000 and punitive damages for the gross, wanton, and willful acts of SPC and other defendants.

[4] SPC replied on November 14, 2016, contending the statute was constitutional and arguing it was entitled to dismissal of the claims against it as the owner and operator of the well.

[5] Record on Appeal at 38.

[6] The Attorney General gave notice of his intent to exercise his right to be heard on the constitutional issues, and his brief was filed on May 12, 2017. Respondent Strickland filed a response to the Attorney General's brief on May 19, 2017.

[7] 85A O.S. Supp. 2013 § 5(A) (emphasis added).

[8] In Smalygo v. Green, 2008 OK 34, ¶ 10, 184 P.3d 554, 558, we said:

Since 1923, section 11 of Oklahoma's Workers' Compensation Act has allowed an injured employee of an uninsured independent contractor to pursue a workers' compensation claim against the general contractor, or an intermediate contractor, without regard to the liability of the independent contractor. The injured worker [could] proceed up the chain of independent contractors to reach an intermediate or a general contractor which maintain[ed] compensation coverage through insurance or through one of the other means enumerated in section 61 of the Act for securing compensation.

[9] Smalygo, 2008 OK 34, ¶ 10, 184 P.3d at 558; Bradley v. Clark, 1990 OK 73, ¶ 15, 804 P.2d 425, 430.

[10] Hammock v. United States, 2003 OK 77, n.6, 78 P.3d 93, 97 n.6 (citing Bradley, 1990 OK 73, 804 P.2d 425). In Bradley, this Court found that the injured employee's work, the "killing" of a well, was not necessary and integral to the hirer's work, the hirer being the operator of the oil and gas well. Accordingly, the hirer was not a principal employer, and thus, was not immune from civil liability.

For a discussion of the evolution of the law regarding principal employers before the decision in Bradley, see generally Newport v. Crane Serv. Inc., 1982 OK 86, 649 P.2d 765, and Murphy v. Chickasha Mobile Homes, Inc., 1980 OK 75, 611 P.2d 243.

[11] See 85 O.S. 2011 § 314(1), which provides:

1. In order for another employer on the same job as the injured or deceased worker to qualify as an intermediate or principal employer, the work performed by the immediate employer must be directly associated with the day to day activity carried on by such other employer's trade, industry, or business, or it must be the type of work that would customarily be done in such other employer's trade, industry, or business.

85 O.S. 2011 § 314(1).

[12] Section 302(H) of the 2011 Code provides:

H. For the purpose of extending the immunity of this section, any operator or owner of an oil or gas well or other operation for exploring for, drilling for, or producing oil or gas shall be deemed to be an intermediate or principal employer for services performed at a drill site or location with respect to injured or deceased workers whose immediate employer was hired by such operator or owner at the time of such injury.

85 O.S. 2011 § 302(H) (emphasis added). The 2011 version has been challenged as unconstitutional and is pending before this Court. See Bendetti v. Cimarex Energy Co., Case No. 115,136 (Cert. Granted Apr. 10, 2017).

[13] We express no view with regard to the use of the terms "prime contractor" or "primary contractor liability" in the OAWCA.

[14] TXO Prod. Corp. v. Okla. Corp. Comm'n, 1992 OK 39, ¶ 10, 829 P.2d 964, 970.

[15] Maxwell v. Sprint PCS, 2016 OK 41, ¶ 6, 369 P.3d 1079, 1085 (quoting Special Indem. Fund v. Figgins, 1992 OK 59, ¶ 8, 831 P.2d 1379, 1382).

[16] Okla. Const. art. 5, § 59. Strickland initially challenged § 5(A) under Okla. Const. Art. 5, § 46--an additional constitutional prohibition on special laws. The trial court made its ruling on § 46 grounds. Both provisions were discussed by the parties on appeal. This Court maintains discretion to uphold trial court rulings on any grounds. See Nichols v. Nichols, 2009 OK 43, ¶ 10, 222 P.3d 1049, 1054.

[17] Again, because the term principal employer is undefined in the OAWCA, we must accord the identical construction placed upon that term by preexisting law, meaning that an employer who presents factual proof under the necessary and integral test of a statutory employment relationship is entitled to principal employer status and immune from suit in the district court.

[18] Appellant's Brief in Chief at 16.

[19] Fent v. Contingency Review Bd., 2007 OK 27, ¶ 18, 163 P.3d 512, 523.

[20] Naifeh v. Okla. Tax Comm'n, 2017 OK 63, ¶ 50, 400 P.3d 759, 775 (quoting Fent, 2007 OK 27, ¶ 18, 163 P.3d at 523). Although the OAWCA contains a severability clause, "[t]he severability of a statutory enactment is not contingent on the presence of an express severability clause within the particular enactment's text." Fent, 2007 OK 27, ¶ 18, 163 P.3d at 523.

[21] Section 5(A) of Title 85A will now read:

The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

[22] 2000 OK 41, 5 P.3d 594.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2018 OK 21, BENEDETTI v. CIMAREX ENERGY COMPANY
Discussed at Length
 2018 OK 23, ODOM v. PENSKE TRUCK LEASING CO.
Discussed


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 88, 760 P.2d 816, 59 OBJ 1987, Reynolds v. Porter
Discussed at Length
 1990 OK 73, 804 P.2d 425, 61 OBJ 1924, Bradley v. Clark
Discussed at Length
 1992 OK 39, 829 P.2d 964, 63 OBJ 942, TXO Production Corp. v. Oklahoma Corp. Com'n
Discussed
 1992 OK 59, 831 P.2d 1379, 63 OBJ 1377, Special Indem. Fund v. Figgins
Discussed
 2003 OK 77, 78 P.3d 93, HAMMOCK v. UNITED STATES
Discussed
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARD
Discussed at Length
 2008 OK 34, 184 P.3d 554, SMALYGO v. GREEN
Discussed at Length
 2009 OK 43, 222 P.3d 1049, NICHOLS v. NICHOLS
Discussed
 2010 OK 48, 237 P.3d 181, LAFALIER v. THE LEAD-IMPACTED COMMUNITIES RELOCATION ASSISTANCE TRUST
Discussed
 2013 OK 77, 315 P.3d 359, SHEFFER v. BUFFALO RUN CASINO, PTE, INC.
Discussed
 1980 OK 75, 611 P.2d 243, Murphy v. Chickasha Mobile Homes, Inc.
Discussed
 2016 OK 41, 369 P.3d 1079, MAXWELL v. SPRINT PCS
Discussed
 2016 OK 89, 381 P.3d 768, VASQUEZ v. DILLARD'S, INC.
Discussed
 2016 OK 97, 381 P.3d 736, LEE v. BUENO
Discussed at Length
 2017 OK 63, 400 P.3d 759, NAIFEH v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed
 2000 OK 41, 5 P.3d 594, 71 OBJ 1292, Grant v. Goodyear Tire & Rubber Co.
Discussed at Length
 1982 OK 86, 649 P.2d 765, Newport v. Crane Service, Inc.
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 302, Repealed
Cited
 85 O.S. 314, Repealed
Discussed
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Cited
 85A O.S. 5, Exclusivity
Discussed at Length
 85A O.S. 36, Primary Contractor Liability - Recovery - Limitation - Certification of Noncoverage
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA