OSCN Found Document:BENEDETTI v. CIMAREX ENERGY COMPANY

 

 
 

 
 BENEDETTI v. CIMAREX ENERGY COMPANY
2018 OK 21
Case Number: 115136
Decided: 03/13/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 21, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

FRANK BENEDETTI, Plaintiff/Petitioner,
v.
CIMAREX ENERGY COMPANY, a Foreign Corporation, Defendant/Respondent,
CACTUS DRILLING COMPANY, LLC, a Domestic Limited Liability Company; ONSITE WELL SUPERVISION & LEASE MANAGEMENT, INC., a Foreign Corporation; and CLIFFORD BIRKETT, an Individual, Defendants.
CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION II, ON
APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY, STATE
OF OKLAHOMA, HONORABLE GARY E. MILLER
Â¶0 Frank Benedetti was injured on the job at an oil-well site while working for Schlumberger Technology Corporation. Mr. Benedetti brought a negligence action in the District Court of Canadian County against the owner and operator of the well site, Cimarex Energy Company. Cimarex Energy Company moved to dismiss the case pursuant to 85 O.S. 2011 Â§ 302(H), which provides that "any operator or owner of an oil or gas well . . . shall be deemed to be an intermediate or principal employer" for purposes of extending immunity from civil liability. The district court granted the motion to dismiss, and Mr. Benedetti appealed. The Court of Civil Appeals affirmed. Pursuant to our decision in Strickland v. Stephens Production Co., 2018 OK 6, ___ P.3d ___, we conclude that Â§ 302(H) of Title 85 is an impermissible and unconstitutional special law under Art. 5, Â§ 59 of the Oklahoma Constitution. Subsection (H) shall be severed from the remainder of that provision.
COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S
ORDER REVERSED; CAUSE REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH TODAY'S PRONOUNCEMENT
Jacob W. Biby, Martin, Jean & Jackson, Tulsa, OK, for Plaintiff/Petitioner
Toby M. McKinstry, Tomlinson, Rust, McKinstry, Grable P.C., Oklahoma City, OK, for Defendant/Respondent
GURICH, V.C.J.
Facts & Procedural History
Â¶1 On December 9, 2013, Frank Benedetti, an employee of Schlumberger Technology Corporation, was working on an oil rig near El Reno, Oklahoma, when he slipped on an icy platform and fell more than thirty feet down a stairwell.
[1] Mr. Benedetti filed an action in the District Court of Canadian County against Cimarex Energy Company, the owner and operator of the well site, and Cactus Drilling Company, the owner and operator of the oil rig, for negligence.[2]
Â¶2 Cimarex filed a motion to dismiss, arguing it should be dismissed pursuant to the exclusive remedy provision of the Oklahoma Workers' Compensation Code, 85 O.S. 2011 Â§ 302(H), which provides in part that "[f]or the purpose of extending the immunity of this section, any operator or owner of an oil or gas well . . . shall be deemed to be an intermediate or principal employer . . . ." 85 O.S. 2011 Â§ 302(H). Cimarex argued that as the operator of the well, it was Mr. Benedetti's principal employer and was statutorily immune from civil liability. Mr. Benedetti responded to Cimarex's motion to dismiss, arguing that Â§ 302(H) was an unconstitutional special law under Art. 5, Â§Â§ 46 and 59 of the Oklahoma Constitution.
Â¶3 On March 25, 2016, the district court held a hearing on the motion to dismiss.
[3] After argument from the parties, the court asked for supplemental briefing on the issue of whether Â§ 302(H) was a special law. On June 1, 2016, the district court granted Cimarex's motion to dismiss and found that Â§ 302(H) was not an unconstitutional special law. The district court certified the decision for immediate interlocutory review pursuant to 12 O.S. 2011 Â§ 952(b)(3), and Mr. Benedetti filed a Petition for Certiorari to Review the Certified Interlocutory Order.
Â¶4 We treated the district court's certification as the functional equivalent of an "express determination that there [was] no just reason for delay" under 12 O.S. 2011 Â§ 994(A) and allowed the cause to proceed as an accelerated appeal pursuant to Rule 1.36 of the Oklahoma Supreme Court Rules.[4] The appeal was assigned to the Court of Civil Appeals, Division II, which affirmed the district court's dismissal. Mr. Benedetti filed a Petition for Certiorari to review the January 23, 2017 opinion of the Court of Civil Appeals, and we granted certiorari on April 10, 2017.
Standard of Review
Â¶5 At issue in this case is the constitutionality of 85 O.S. 2011 Â§ 302(H). "Issues of a statute's constitutional validity, construction, and application are questions of law subject to this Court's de novo review." Lee v. Bueno, 2016 OK 97, Â¶ 6, 381 P.3d 736, 739. In exercising de novo review, "this Court possesses plenary, independent, and non-deferential authority to examine the issues presented." Id., Â¶ 6, 381 P.3d at 740. When determining the constitutionality of a statute, "courts are guided by well-established principles, and a heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality." Id., Â¶ 7, 381 P.3d at 740. "The party seeking a statute's invalidation as unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Constitution." Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., 2010 OK 48, Â¶ 15, 237 P.3d 181, 188.
Analysis
Â¶6 Our decision in Strickland v. Stephens Production Co., 2018 OK 6, Â¶ 8, ___ P.3d ___ disposes of Cimarex's arguments in this case.[5] Section 302(H) of Title 85 provides:
For the purposes of extending the immunity of this section, any operator or owner of an oil or gas well or other operation for exploring for, drilling for, or producing oil or gas shall be deemed to be an intermediate or principal employer for services performed at a drill site or location with respect to injured or deceased workers whose immediate employer was hired by such operator or owner at the time of such injury.
[6]
This statute is identical to the last sentence of 85A O.S. Supp. 2013 Â§ 5(A) with the exception of one minor difference.[7] In Strickland, we held that Â§ 5(A) was an unconstitutional special law. For the reasons discussed in Strickland, we find 85 O.S. 2011 Â§ 302(H) is an unconstitutional special law under Art. 5, Â§ 59 of the Oklahoma Constitution, and it shall be severed from the remainder of Â§ 302.
Â¶7 The district court did not address whether any other provision of the Workers' Compensation Code absolved Cimarex of liability for Mr. Benedetti's injuries. The district court dismissed Cimarex relying only on Â§ 302(H). However, COCA found that Cimarex was Mr. Benedetti's principal employer under 85 O.S. 2011 Â§ 314. Section 314 provides:
In order for another employer on the same job as the injured or deceased worker to qualify as an intermediate or principal employer, the work performed by the immediate employer must be directly associated with the day to day activity carried on by such other employer's trade, industry, or business, or it must be the type of work that would customarily be done in such other employer's trade, industry, or business.
[8]
The only evidence submitted to the district court by either party was the "Master Service Agreement" between Schlumberger and Cimarex, which was attached to Cimarex's motion to dismiss. COCA treated Cimarex's motion to dismiss as a motion for summary judgment solely because Cimarex attached the agreement to its motion to dismiss. However, neither the parties nor the district court treated the motion to dismiss as one for summary judgment.
[9] Mr. Benedetti was not given the opportunity to conduct discovery, and the agreement between Schlumberger and Cimarex, without more, does not establish that Cimarex was Mr. Benedetti's principal employer under Â§ 314.[10] On remand, the district court shall allow the parties to conduct discovery on the issue of whether Cimarex was Mr. Benedetti's principal employer at the time of Mr. Benedetti's injuries.[11]
Conclusion
Â¶
8 We find that 85 O.S. 2011 Â§ 302(H) is an unconstitutional special law in violation of Art. 5, Â§ 59 of the Oklahoma Constitution. Subsection (H) shall be severed from the remainder of that provision. On remand, Cimarex is not precluded from rearguing exclusive remedy protections pending further discovery and submission of additional facts on the issue of whether Cimarex was Mr. Benedetti's principal employer at the time of his injuries.
COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S
ORDER REVERSED; CAUSE REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH TODAY'S PRONOUNCEMENT
Â¶9 Combs, C.J., Gurich, V.C.J., Kauger, Winchester, Edmondson, Colbert, Reif, JJ., concur. 
Â¶10 Wyrick, J., not participating.
FOOTNOTES
[1] The record does not indicate whether Mr. Benedetti filed a workers' compensation claim, whether he has received any workers' compensation benefits, or whether his employer, Schlumberger Technology Corporation, paid any such benefits.
[2] Mr. Benedetti filed an amended petition to add Defendants Onsite Well Supervision & Lease Management, Inc. (Onsite) and Clifford Birkett, an Onsite employee. Mr. Benedetti alleged that Cimarex, through its company man for this operation, Mr. Birkett, directed Cactus Drilling Company employees to spray pipes with steam to keep them from freezing, which caused the accumulation of ice on the nearby stairs. Mr. Benedetti alleged that Cimarex and Cactus Drilling created dangerous icy conditions, failed to warn of dangerous conditions, failed to properly manage drilling operations, and failed to hire, train, and supervise contractors on site.
[3] Defendant Cactus Drilling did not file a motion to dismiss. Cactus Drilling, Defendant Clifford Birkett, and Defendant Onsite remain as parties to the action in district court, but are not parties to this appeal.
[4] Section 994 allows a district court, when multiple parties are involved, to "direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ." 12 O.S. 2011 Â§ 994(A).
[5] Cimarex's only argument not directly addressed in Strickland is that "[s]ection 302(H) furthers the interests of the public good by channeling claims through the WCA system, thereby giving the injured employee faster access to funds and lowering the burden on backlogged state district courts." Record on Accelerated Appeal, Ex. 5 at 3. But again, as we discussed in Strickland, this is not a distinctive characteristic of the oil and gas industry providing a reasonable basis for the differential treatment of oil and gas operators in Â§ 304(H).
[6] 85 O.S. 2011 Â§ 302(H) (emphasis added).
[7] 85A O.S. Supp. 2013 Â§ 5(A) ends with "at the time of the injury or death."
[8] In Strickland, we stated that Â§ 314 codified the necessary and integral test. Strickland, 2018 OK 6, Â¶ 6, ___P.3d___ (citing 85 O.S. 2011 Â§ 314). The necessary and integral test asks:
[W]hether the work being performed by the independent contractor is specialized or non-specialized. If the work is specialized per se, then the hirer is not the statutory employer of the independent contractor. If the work is not specialized per se, the second tier asks whether the work being performed by the independent contractor is the type of work that, in the particular hirer's business, normally gets done by employees or normally gets done by independent contractors. If the work normally gets done by independent contractors, then the hirer is not the statutory employer of the independent contractor. If the work is normally performed by employees, the third tier focuses on the moment in time the worker was injured, and asks whether the hirer was engaged in the type of work being performed by the independent contractor at the time the worker was hurt. If not, then the hirer is not the statutory employer of the independent contractor.
Hammock v. United States, 2003 OK 77, n.6, 78 P.3d 93, 97 n.6 (citing Bradley v. Clark, 1990 OK 73, 804 P.2d 425).
[9] "The procedure converting a motion to dismiss into a motion for summary judgment when matters outside the pleadings are presented applies only to motions to dismiss for failure to state a claim upon which relief can be granted." Samson Res. v. Newfield Exploration Mid-Continent, Inc., 2012 OK 68, n.5, 281 P.3d 1278 1281, n.5. Cimarex's Motion to Dismiss sought dismissal for "lack[] [of] subject matter jurisdiction." Record on Accelerated Appeal, Ex. 2 at 2. Thus, COCA should not have converted the motion to dismiss to a motion for summary judgment. See Samson, 2012 OK 68, Â¶ 9, 281 P.3d at 1281.
[10] Record on Accelerated Appeal, Ex. 2 at Ex. 1.
[11] Although Cimarex argues Mr. Benedetti waived his right to ask for additional discovery with regard to whether Cimarex was Mr. Benedetti's principal employer, upon review of the record, we conclude Mr. Benedetti preserved the issue at the district court and on appeal. Record on Accelerated Appeal, Ex. 11 at 6--7; Petition for Certiorari Certified Interlocutory Order Ex. B.