OSCN Found Document:CHAMBERLAIN v. DAYTON PARTS, LLC

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CHAMBERLAIN v. DAYTON PARTS, LLC
2025 OK CIV APP 25
Case Number: 122683
Decided: 06/11/2025
Mandate Issued: 07/17/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2025 OK CIV APP 25, __ P.3d __

 

ALEXIS CHAMBERLAIN, Plaintiff/Appellant,
vs.
DAYTON PARTS, LLC, dba EAGLE SUSPENSIONS, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
BRYAN COUNTY, OKLAHOMA

HONORABLE MARK R. CAMPBELL, TRIAL JUDGE

REVERSED AND REMANDED

Bartlett H. Ramsey, COLBERT COOPER HILL, Oklahoma City, Oklahoma,
and
Fob F. Jones, Sulphur, Oklahoma, For Plaintiff/Appellant,

Daniel J. Hoehner, Jake G. Pipinich, PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P., Oklahoma City, Oklahoma, For Defendant/Appellee.

THOMAS E. PRINCE, JUDGE:

¶1 Plaintiff/Appellant, Alexis Chamberlain, appeals the dismissal of her case against the Defendant/Appellee, Dayton Parts, LLC, d/b/a Eagle Suspensions ("Dayton"). Ms. Chamberlain was a temporary laborer and employee of LSI Staffing ("LSI"). LSI placed Ms. Chamberlain with Dayton and she was injured while working at the Dayton premises. She received workers' compensation benefits from LSI, but then sued Dayton for negligence, premises liability, and punitive damages. Dayton moved to dismiss on the ground that the workers' compensation benefits received by Ms. Chamberlain were the exclusive remedy for the injury she suffered. Dayton claimed that it was Ms. Chamberlain's statutory employer and entitled to immunity, pursuant to 85A O.S. § 585A O.S. § 5Knox v. Oklahoma Gas & Electric Company, 2024 OK 37549 P.3d 1260

BACKGROUND

¶2 Ms. Chamberlain alleges that Dayton was negligent and failed to provide her with a safe working environment which, as she alleges, constituted the direct and proximate cause of her injuries. Ms. Chamberlain alleges that, as an employee of LSI, LSI placed her with Dayton. 

¶3 Dayton responded to Ms. Chamberlain's Petition with a Motion to Dismiss, based on 12 O.S. §§'s 2012 (B)(1) (lack of subject matter jurisdiction) and (B)(6) (failure to state a claim upon which relief can be granted). Dayton alleged that LSI placed Ms. Chamberlain with Dayton as a temporary laborer to provide general labor in measuring and adjusting leaf-spring arch heights. The work allegedly only required minimal on-the-job training. Ms. Chamberlain received workers' compensation benefits from LSI after she was injured at the Dayton facility. Dayton claimed to be Ms. Chamberlain's statutory employer, pursuant to 85A O.S. § 5

STANDARD OF REVIEW

¶4 Dayton filed a Motion to Dismiss alleging that the trial court lacked subject matter jurisdiction to grant relief pursuant to § 2012(B)(1), and alleging that Ms. Chamberlain failed to state a claim upon which relief could be granted pursuant to § 2012(B)(6). The trial court sustained the Motion but did not explain whether it granted the Motion on one or both grounds asserted by Dayton. "Motions to dismiss are generally viewed with disfavor." Kirby v. Jean's Plumbing Heat & Air, 2009 OK 65222 P.3d 21de novo if there are no controverted issues of fact. Knox v. Oklahoma Gas and Electric Co., 2024 OK 37549 P.3d 1260

¶5 We review an order granting a motion to dismiss for failure to state a claim de novo. Shadid v. K 9 University LLC, 2017 OK CIV APP 45402 P.3d 698De novo review involves a plenary, independent, and non-deferential review of the legal rulings made by the trial court. Progressive Direct Insurance Co. v. Pope, 2022 OK 4507 P.3d 688Knox, 2024 OK 37Id. A motion to dismiss for failure to state a claim cannot "be sustained unless it appears without a doubt that the plaintiff can prove no set of facts in support of the claim for relief." Id., at n. 21.

¶6 We review an Order denying a Motion for New Trial for an abuse of discretion. Fox v. Crowgey, 2015 OK CIV APP 23346 P.3d 425Id.

ANALYSIS

¶7 Ms. Chamberlain has included twelve issues to be raised on appeal at Exhibit "C" of her Pet.-in-Error. Since this is an accelerated appeal, the trial court filings serve as appellate briefs and all propositions or assignments of error are listed in the Petition in Error. Osage Nation v. Bd. of Commissioners of Osage County and Osage Nation v. Osage County Bd. of Adjustment, 2017 OK 34394 P.3d 122440 O.S. § 600.1et seq., did not apply. Ms. Chamberlain claims that the trial court committed error when it did not allow her to amend the Petition. Lastly, she claims that the trial court committed error when it denied her Motion to Reconsider. We find that it was not proper for the trial court to grant the Motion to Dismiss because evidence must be presented to the trial court in order to determine the most vital issue, i.e. whether Dayton could be considered an intermediate or principal employer under the AWCA. See 85A O.S. § 5See Knox v. Oklahoma Gas & Electric Company, supra. 

Exclusive Remedy Provisions of the AWCA.

¶8 Generally, under the AWCA, intermediate or principal employers are protected by the exclusive remedy provisions of 85A O.S. § 585A O.S. § 5

¶9 Title 85A does not include definitions for "principal employer" or "intermediate employer". Strickland v. Stephens Production Company, 2018 OK 6411 P.3d 369Murphy v. Chickasha Mobile Homes, Inc., 1980 OK 75611 P.2d 243Id., at ¶ 5. If the owner is not a principal employer, then the owner may be subject to tort liability. Id. In Bradley v. Clark, 1990 OK 73804 P.2d 425Id., at ¶ 6. The test, commonly referred to as the "necessary and integral" test, asked the following:

Whether the work being performed by the independent contractor is specialized or non-specialized. If the work is specialized per se, then the hirer is not the statutory employer of the independent contractor. If the work is not specialized per se, the second tier asks whether the work being performed by the independent contractor is the type of work that, in the particular hirer's business, normally gets done by employees or normally gets done by independent contractors. If the work normally gets done by independent contractors, then the hirer is not the statutory employer of the independent contractor. If the work is normally performed by employees, the third tier focuses on the moment in time when the worker was injured, and asks whether the hirer was engaged in the type of work being performed by the independent contractor at the time the worker was hurt. If not, then the hirer is not the statutory employer of the independent contractor.

Strickland v. Stephens Production Company, 2018 OK 6See 85A O.S. § 5

Dismissal for Failure to State a Claim.

¶10 It is unclear, based on the Order granting the Motion to Dismiss, whether the trial court dismissed Ms. Chamberlain's action for lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted or both. We, therefore, will address both issues. When reviewing an Order dismissing a case for failure to state a claim, we must determine if the petition is legally sufficient. Shadid v. K 9 University LLC, 2017 OK CIV APP 45402 P.3d 698Id. The Petition cannot be dismissed for failure to state a claim unless "the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle [her] to relief." Id. Ms. Chamberlain's Petition sets forth basic facts which could entitle her to relief for negligence. She alleged that Dayton had a duty to provide a safe working environment, that Dayton knew or should have known that a machine which it allegedly altered created an unsafe condition, that Dayton breached its duty of care, and that Ms. Chamberlain was injured as a result of that breach. Dayton may have a defense to the lawsuit, but the Petition itself clearly states a claim upon which relief may be granted. We, therefore, find that it was error for the trial court to dismiss Ms. Chamberlain's case for failure to state a claim without complying with the procedural mechanisms outlined in Knox v. Oklahoma Gas & Electric Company, supra. nox teaches that, in the context of a motion to dismiss under 85A O.S. § 5Knox, therefore, does not demand a particular process, but, minimally, demands that the trial court proceed in a manner that protects the rights of the parties and allows for an adequate appellate review. Under Knox, depending on "the nature of the information" at issue, the matter could be resolved through several procedural methods, consistent with Rule 4, Rules of the District Courts, including an adjudication based on the initial briefs submitted by the parties, or by converting the motion to a motion for summary judgment (which typically would require the submission of new briefs) or, in the event there are material facts in dispute, by holding an evidentiary hearing. Regardless of the process utilized by a trial court to adjudicate the matter, it is crucial that an adequate record be created. Here, based on the inadequacy of the record, we are unable to determine if any undisputed facts exist upon which the trial court relied and/or whether there were any disputed facts that were settled by the trial court to dismiss the case. Consequently, the matter is reversed and remanded for further proceedings consistent with this Opinion. 

Dismissal for Lack of Subject Matter Jurisdiction. 

¶11 Dayton claims that the trial court lacked subject matter jurisdiction to proceed because it was Ms. Chamberlain's statutory employer and entitled to immunity from tort liability pursuant to 85A O.S. § 5Bd. of County Commissioners v. State ex rel. Okla. Dept. of Corrections, 2021 OK CIV APP 33499 P.3d 33In re: A.N.O., A Minor Child, 2004 OK 3391 P.3d 646Doe v. The First Presbyterian Church U.S.A. of Tulsa, 2017 OK 106421 P.3d 284Id. This issue of whether to convert a motion to dismiss into a motion for summary judgment is the process that Knox, supra., describes as the examination of "the nature of the information . . .". Clearly, in this case, the trial court did not convert Dayton's Motion to Dismiss to a motion for summary judgment. The affidavit submitted by Dayton that was attached to the Motion to Dismiss includes allegations that address its defense to the lawsuit. Specifically, the affidavit of Mike Duffy includes allegations regarding each element of the "necessary and integral" test. In response to the Motion to Dismiss, Ms. Chamberlain included evidentiary material as well, but she did not provide an affidavit or other evidence to challenge Mr. Duffy's assertions regarding the necessary and integral test. Knox v. Oklahoma Gas & Electric Company, supra.

The Oklahoma Professional Employer Organization Recognition and Registration Act.

¶12 Ms. Chamberlain claims that Dayton cannot claim immunity from tort liability because it and LSI must be registered as Professional Employer Organizations ("PEOs") pursuant to 40 O.S. § 600.1et seq. Ms. Chamberlain asserts that Dayton and LSI are not registered PEOs and, consequently, the exclusive remedy provisions of 85A O.S. § 5

¶13 PEOs are acknowledged and regulated under Oklahoma law. Frantz v. D'Aurizio Drywall and Acoustics, 2010 OK CIV APP 43233 P.3d 39685A O.S. § 585A O.S. § 5

Employment Relationship.

¶14 Ms. Chamberlain argues that the trial court committed error in dismissing the case due to the non-standard employment relationship between a staffing agency, a client company, and an employee. She claims that the relationship between LSI, Dayton, and herself, is not similar to subcontractor/contractor relationships contemplated by the AWCA. We acknowledge that the employment relationship is different but find that the difference does not change the outcome here.

¶15 In order to determine whether Dayton can be considered the intermediate or principal employer entitled to immunity pursuant to 85A O.S. § 5Strickland v. Stephens Production Company, 2018 OK 6i.e. the hirer) according to his or her own method and manner, free from control and direction of the hirer in all matters connected with the performance of the service except as to the result." Hammock v. United States, 2003 OK 7778 P.3d 9385A O.S. § 5

CONCLUSION

¶16 For the reasons stated, the Order of the trial court dismissing the case against Dayton is REVERSED, the Order Denying the Motion to Reconsider also is REVERSED, and the matter is REMANDED for further proceedings consistent with this Opinion.

GOREE, P.J., and SWINTON, J., concur.

FOOTNOTES

85A O.S. § 5

A. The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer....on account of injury, illness, or death.

B. Exclusive remedy shall not apply if:

***

E. The immunity created by the provisions of this section shall not extend to action against another employer, or its employees, on the same job as the injured or deceased worker where such other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker.

85A O.S. § 5

See Miller v. Dollarhide, P.C. v. Tal, 2006 OK 27174 P.3d 559Id., at ¶ 10. We, therefore, will not consider the case referred to by Ms. Chamberlain as informative or persuasive because to do so would require pure speculation on our part as to why the Court denied the request for a writ. Moreover, three Justices dissented to the decision to deny the Application to assume original jurisdiction. See Exhibit 5 to Plaintiff's Response to Defendant's Motion to Dismiss.

Strickland, 2018 OK 6Id.

Knox v. Oklahoma Gas & Elec. Co., 2024 OK 37549 P.3d 1260as corrected (June 6, 2024) ("[i]f exhibits are attached to a 12 O.S.2011, § 201212 O.S.2011, § 2012

40 O.S. § 600.7

85A O.S. § 5

In her final issue to be raised on appeal, Ms. Chamberlain claims that the trial court committed error when it did not allow her to amend her Petition. We express no opinion on this issue because the Order of dismissal has been reversed. The trial court retains the authority to consider the issue of amendments to pleadings.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105