OSCN Found Document:IN RE: STATE QUESTION NO. 805 INITIATIVE PETITION NO. 421

 

 
 

 
 IN RE: STATE QUESTION NO. 805 INITIATIVE PETITION NO. 421
2020 OK 45
Case Number: 118774
Decided: 05/26/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 45, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: STATE QUESTION NO. 805, INITIATIVE PETITION NO. 421.

THEODIS MANNING and GENE RAINBOLT, Petitioners/Proponents,
v.
MICHAEL ROGERS, OKLAHOMA SECRETARY OF STATE, in his Official Capacity, Respondent.

ORDER

Â¶1 Original jurisdiction is assumed. Fent v. Contingency Review Bd., 2007 OK 27, Â¶11, 163 P.3d 512 (the Court may assume jurisdiction in a publici juris controversy where there is an urgency and need for a judicial determination). The extraordinary relief sought by Proponents of Initiative Petition 421, State Question 805 is granted.

Â¶2 Okla. Const. Art. 5, Â§ 2 provides that the first power reserved by the people is the initiative. Respondent's integral role and non-discretionary duties with respect to the initiative process are plainly set forth in the Constitution. Under Okla. Const. Art. 5, Â§ 3, initiative petitions "shall be filed with the Secretary of State." See also Okla. Const. Art. 5, Â§ 4. When initiative petitions submitting a proposed measure to the people for their ratification or rejection are offered to the Secretary of State for filing, "it is his duty to file same." Threadgill v. Cross, 1910 OK 165, Â¶5, 109 P. 558, distinguished on other grounds by In re Initiative Petition No. 349, State Question No. 642, 1992 OK 122, 838 P.2d 1 (noting there is no controversy about the nature of this duty and there can be none).

Â¶3 Pursuant to 34 O.S. Supp. 2015, Â§ 8(G), proponents of a referendum or initiative petition may terminate the circulation period any time during said period by certifying to the Secretary of State (1) the petitions have been filed with the Secretary of State, (2) no petitions are in circulation, and (3) proponents will not circulate any more petitions. Proponents have tendered for filing the signed petitions in the instant cause. Therefore, pursuant to the text of the statute, Respondent "shall begin the counting process." Id.

Â¶4 While the signature-gathering deadline was temporarily halted, or tolled, by Respondent on March 18, 2020, with the approval of the Governor under the latter's emergency powers pursuant to the statewide COVID-19 emergency, this does not alter Proponent's statutory rights under 34 O.S. Supp. 2015, Â§ 8(G). The circulation period began, but it has not ended, and thus we are still within the circulation period. In re Initiative Petition No. 397, State Question No. 767, 2014 OK 23, Â¶9, 326 P.3d 496 (goal of statutory construction is to ascertain legislative intent from a plain and ordinary reading of the statute).

Â¶5 The Court notes Respondent has expressed concerns that commencing the signature-counting process amid the COVID-19 Pandemic and current state of emergency will present practical difficulties. There is also the foremost desire and duty to protect the safety and welfare of all of those involved in the process. In this regard, beginning in mid-March, the Governor issued Executive Orders authorizing state agencies to make necessary emergency acquisitions to fulfill the purpose of the emergency declaration, and requiring the promulgation of emergency rules necessary to respond to the emergency.

Â¶6 Based on the materials provided, the Court finds Respondent has not established the signature-counting process cannot be performed in an efficient manner, while also taking the necessary safety precautions for those involved. The Court is not convinced Respondent would be unable to procure the tools to carry out the signature-counting process. To this end, the Court notes Proponents have offered to secure a suitable facility (where social distancing guidelines are more capable of being observed) at their own expense. The duties imposed upon the Secretary of State regarding the initiative and referendum is ministerial, and is mandatory. Norris v. Cross,1909 OK 316, syll., 105 P. 1000.

Â¶7 Accordingly, a Writ of Mandamus is hereby issued directing the Respondent to accept for filing the signed petitions for Initiative Petition 421, State Question 805, within ten (10) calendar days of this Order, and to thereafter begin and complete the signature-counting process expeditiously.

Â¶8 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 26TH DAY OF MAY, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Edmondson, Combs, JJ., concur;

Kane and Rowe, JJ., dissent;

Winchester, J., not voting;

Colbert, J., not participating.

Â