KIESEL v. ROGERS

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:KIESEL v. ROGERS

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

KIESEL v. ROGERS2020 OK 65Case Number: 118919Decided: 08/03/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 65, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

RYAN KIESEL and MICHELLE TILLEY, PROPONENTS STATE QUESTION NO. 807, Petitioners,
v.
THE HONORABLE SECRETARY OF STATE MICHAEL ROGERS, IN HIS OFFICIAL CAPACITY, Respondents.

ORDER

¶1 Original jurisdiction is assumed. In re: State Question No. 805, Initiative Petition No. 421, 2020 OK 45, ¶1, ___ P.3d ____; Fent v. Contingency Review Bd., 2007 OK 27, ¶11, 163 P.3d 512 (holding the Court may assume original jurisdiction in a publici juris controversy where there is an urgent need for judicial determination). The extraordinary relief sought by Petitioners, the proponents of State Question No. 807 (SQ 807) is hereby denied.

¶2 The first power reserved by the people of Oklahoma is that of initiative, and that power is guaranteed by Okla. Const. art. 5, § 2. Pursuant to that provision, the Respondent has mandatory and non-discretionary duties that include the filing of initiative petitions submitted to him. See In re: State Questions No. 805, 2020 OK 45 at ¶2; Threadgill v. Cross, 1910 OK 165, ¶5, 109 P. 558 (distinguished on other grounds by In re Initiative Petition No. 349, State Question No. 642, 1992 OK 122, 838 P.2d 1). Other duties required of Respondent are derived from statute, including 34 O.S. Supp. 2015 § 8. This Court has previously upheld the constitutionality of these statutory provisions, see Assoc. of Indus. of Okla. v. Okla. Tax. Comm'n, 1936 OK 156, ¶0, 55 P.2d 79, and determined they must be complied with. Id.; In re Initiative Petition No. 281, 1967 OK 230, ¶50, 434 P.2d 941.

¶3 Pursuant to 34 O.S. Supp. 2015 § 8(E), when an initiative petition has been filed and all appeals, protests, and rehearings have been resolved, Respondent "shall set the date for circulation" and "in no event shall the date be less than fifteen (15) days nor more than thirty (30) days from the date when all appeals, protests and rehearings have been resolved or have expired." (Emphasis added). Section 8 further provides that "the signatures are due within ninety (90) days of the date set."

¶4 Recently, in In re: State Question No. 805, the Court noted other duties imposed upon Respondent by Section 8 are ministerial and mandatory. 2020 OK 45 at ¶6; Norris v. Cross,1909 OK 316, syll., 105 P. 1000. Those requirements include a directive that Respondent begin the counting process when proponents of an initiative petition terminate the circulation period and tender the signed petitions. 36 O.S. Supp. 2015 § 8(G) (noting that when requirements are met, Respondent "shall begin the counting process"). In that matter, Respondent sought to delay the counting process because of ongoing safety concerns stemming from the COVID-19 pandemic. The Court determined Respondent had "not established the signature-counting process cannot be performed in an efficient manner, while also taking the necessary safety precautions for those involved." In re: State Question No. 805, 2020 OK 45 at ¶6.

¶5 In this matter, Petitioners ask this Court to order Respondent to not enforce the statutorily-mandated circulation period due to similar safety concerns. Respondent's statutory duty to set a 90-day circulation period within a certain time frame after all challenges have been resolved is no less ministerial and mandatory than his duty to begin the counting process when signatures are submitted. Further, based on the materials provided, Petitioners have not established that the process of signature gathering cannot be performed while taking the necessary safety precautions.

¶6 Petitioners also assert Section 8 is unconstitutional as applied under the facts of this case because COVID-19 makes successful signature gathering within the statutory time period impossible. Therefore, Petitioners argue Section 8's requirements serve to deny them their right to initiative guaranteed by Okla. Const. art. 5, § 2. Demonstrating a statute's unconstitutionality is a heavy burden that requires a showing the statute is clearly, palpably, and plainly inconsistent with the Constitution. Benedetti v. Cimarex Energy Co., 2018 OK 21, ¶5, 415 P.3d 43. Every presumption is to be indulged in favor of the constitutionality of a statute. CDR Systems Corp. v. Okla. Tax Comm'n, 2014 OK 31, ¶10, 339 P.3d 848. Petitioners have failed to show that even under current conditions, Section 8 denies or places an undue burden on their right to initiative.

¶7 Accordingly, the extraordinary relief sought by Petitioners is denied. Any petition for rehearing in this matter must be filed no later than August 5, 2020.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd DAY OF AUGUST, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs and Rowe, JJ., concur;

Kane, J., concurs in result.

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1992 OK 122, 838 P.2d 1, 63 OBJ 2386, Initiative Petition No. 349, State Question No. 642, In reDiscussed
 1936 OK 156, 55 P.2d 79, 176 Okla. 120, ASSOCIATED INDUS. OF OKLAHOMA v. OKLAHOMA TAX COMM'NDiscussed
 1909 OK 316, 105 P. 1000, 25 Okla. 287, NORRIS et al. v. CROSS Secretary of State.Discussed
 1967 OK 230, 434 P.2d 941, IN RE INITIATIVE PETITION NO. 281, ST. Q. NO. 441Discussed
 1910 OK 165, 109 P. 558, 26 Okla. 403, THREADGILL v. CROSSDiscussed
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARDDiscussed
 2014 OK 31, 339 P.3d 848, CDR SYSTEMS CORPORATION v. OKLAHOMA TAX COMMISSIONDiscussed
 2018 OK 21, 415 P.3d 43, BENEDETTI v. CIMAREX ENERGY COMPANYDiscussed
 2020 OK 45, IN RE: STATE QUESTION NO. 805 INITIATIVE PETITION NO. 421Discussed at Length
Title 34. Initiative and Referendum
 CiteNameLevel

 34 O.S. 8, Filing Copy of Proposed Petition - Publication - Protest - Hearing and Determination - Signature Gathering DeadlineDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA